## JAMES H. WRIGHT v. WILLIAM S. GREEN, Appellant.

### Division Two, February 6, 1912.

1. **BANKRUPTCY: Sale of Heir's Interest in Lands: Administration: Title to Real Estate.** Atkinson was administrator of an estate to which he was indebted, though not to an extent equaling his own share of one-tenth in that estate. A hundred acres of land formed the greater part of that estate, and this is a suit under Sec. 2535, R. S. 1909, to determine interest and title in that which was Atkinson's share of that land. In October,

239 Sup.—29

1905, while he was administrator, Atkinson was adjudged a bankrupt and his interest in said land was sold by the trustee to respondent. Appellant's evidence tends to show that in the summer of 1905 he made some sort of agreement to purchase from the heirs the whole of this hundred acres and that in August or September he did some work upon the land. In October he had actual notice of the proceedings in bankruptcy and that the land in suit was affected. He took deeds from all the heirs, including Atkinson, in January, 1906, paying all the purchase price except one-tenth. *Held*, that, since Atkinson, when adjudged a bankrupt, had not conveyed the legal title, and that title, upon the facts, being impressed with no equities in appellant's favor, respondent took whatever title Atkinson inherited, that is to say, respondent owns one-tenth of the land.

2. ADMINISTRATION: Title to Real Estate Purchased from Heir: Subject to Sale to Pay Debts: Bankruptcy. A title to real estate acquired by purchase from the heirs of an estate still in process of administration is subject to the exercise by the probate court of its power to sell lands to pay debts. The same rule applies to title acquired at a sale by the trustee in bankruptcy for one of the heirs.

3. PRESUMPTIONS FAVORING JUDGMENTS: Time of Payment: Not Shown by Record. Where the time when a certain payment was made is material to the trial court's decision in this case, and that time is not shown by the record, the usual presumption in favor of the judgment ought to be indulged.

Appeal from Pike Circuit Court.—*Hon. David H. Eby*, Judge.

AFFIRMED.

*W. O. Gray* and *Dempsey & McGinnis* for appellant.

(1) Atkinson had no interest in the land since his indebtedness to the estate of Gertie M. Chamberlain exceeded what would have been his share in said estate. Leitman v. Leitman, 149 Mo. 112; Ayres v. King, 168 Mo. 244; Trabue v. Henderson, 180 Mo. 625; Duffy v. Duffy, 155 Mo. 144. (2) Appellant was an innocent purchaser for value without notice and was in possession under his contract for the purchase of land in controversy before respondent pretended to

buy it. Young v. Montgomery, 28 Mo. 604; Price v. Hart, 29 Mo. 171; Cockrell v. McIntyre, 161 Mo. 59; Section 67, Bankrupt Act of 1898. (3) Respondent's tender in a proper case would be effective only in respect to interest and damages. R. S. 1899, secs. 1564 and 1565. The trustee in bankruptcy took no better title to the property of the Chamberlain estate than Atkinson had therein. Yeatman v. Savings Institution, 95 U. S. 764; Stewart v. Platt, 101 U. S. 731; Humphrey v. Yeatman, 198 U. S. 91; Hiscock v. Varick Bank, 206 U. S. 38. (4) Atkinson being insolvent when he became administrator of the Chamberlain estate his indebtedness did not become assets. McCarty v. Frazier, 62 Mo. 263.

*J. D. Hostetter* and *Tapley & Fitzgerrell* for respondent.

(1) Atkinson's interest in the estate amounted to more than he owed the estate. (2) Appellant was not an innocent purchaser. He purchased from Atkinson, the bankrupt, and accepted a deed from Atkinson and wife to the land in controversy and before any money was paid or anything done the appellant was notified that the respondent claimed to have bought the interest of Atkinson in the land and would get a deed for same as soon as the trustee was ordered to make it. (3) The tender of the respondent to appellant of the amount of the two notes Atkinson owed the Chamberlain estate and the refusal of Atkinson, as administrator, to accept the same, shows conclusively that Atkinson himself knew that his interest in the estate amounted to more than he owed the estate.

BLAIR, C.—This is a suit under section 2535, Revised Statutes 1909, to ascertain and determine the title to a one-tenth interest in the southeast quarter of the southwest quarter of section fifteen, and north

half of the north half of the southeast quarter of the southeast quarter of section sixteen, all in township fifty-two, range four, west, in Pike county, Missouri.

The facts are that Gertie Chamberlain was the owner of the land described and she died intestate April 25, 1905, leaving as her only heirs her father Samuel T. Atkinson, mother, and brothers and sisters (or their representatives) to the number of eight, ten different persons apparently being entitled to participate in the distribution of the estate. The father, Samuel T. Atkinson, was appointed administrator. He was insolvent and indebted to Gertie Chamberlain at her death in the sum of $126, augmented by interest to about $136 at the time of the trial. The decedent's estate consisted of one hundred acres of land, including that in suit, cash in the amount of $68.95, notes inventoried at $167.50, and household goods out of which $57.75 had been realized. Demands aggregating $271.50 had been paid, including a total of $38.13 for probate fees, attorney's fees and administrator's commission. Of this amount the administrator paid $134.80 out of his own funds. The notes inventoried were those executed by him and two signed by another distributee.

The value of the land was a much mooted question. Witnesses variously estimated it at from $12 to $15 per acre.

In October, 1905, Samuel T. Atkinson was, in the Federal court at Hannibal, Missouri, duly adjudged bankrupt, his interest in his deceased daughter's land, including the land in suit, was duly sold by the trustee by order of the court having jurisdiction of the bankrupt's estate, and respondent became the purchaser, receiving his deed in January, 1906.

Evidence for appellant tended to show that in the summer of 1905 he made some sort of an agreement to purchase from the administrator or heirs of Gertie Chamberlain the land in suit at $15 per acre, and that

in August or September he filled some ditches and plowed about twenty acres. He had actual notice in October or November, 1905, of the proceedings in bankruptcy and that the land in suit would be affected thereby. In January, 1906, he accepted deeds from the heirs, including Samuel T. Atkinson, paying therefor the purchase price of $15 per acre except *one-tenth* thereof, which he retained and had at the time of trial.

Respondent tendered the amount of Samuel T. Atkinson's indebtedness to the Chamberlain estate to Samuel T. Atkinson as administrator and renewed that tender in his reply filed in this case, but did not deposit the money in court.

The trial court adjudged respondent to be the owner of a one-tenth interest in the land and defendant to be the owner of the other nine-tenths subject to a mortgage he had executed.

The evidence was not sufficient to have warranted a finding that appellant had become the equitable owner by reason of a contract of purchase and possession taken thereunder prior to the commencement of the proceedings in bankruptcy. The trial court was right in refusing to so find.

Samuel T. Atkinson had not conveyed the legal title at the time he was adjudged a bankrupt and that title being impressed with no equities in appellant's favor by reason of the only facts set up, the trustee in bankruptcy took whatever title Atkinson inherited and that passed by the trustee's deed to respondent.

Appellant could not and did not acquire the Samuel T. Atkinson interest by the deed in which Atkinson joined, for the reason that that interest had previously vested in the trustee when Samuel T. was adjudged a bankrupt, and had been sold to respondent under the order of the court of bankruptcy.

Nor was the sale to appellant made pursuant to the power of the probate court to sell to pay debts of

the estate, but was made, in legal effect, by nine of the ten distributees, and the title acquired by appellant is still subject to the exercise by the probate court of the power mentioned, just as is the interest conveyed by the sale made in the bankruptcy proceedings to respondent.

The rights of the creditors of the Chamberlain estate, if creditors there are, to subject the land to the payment of their debts in the usual way was not affected by either sale, nor is it nor could it be affected by the judgment in this case.

Whatever effect Samuel T. Atkinson's indebtedness to the estate of Gertie Chamberlain might otherwise have had toward diminishing his distributive share or interest (Duffy v. Duffy, 155 Mo. 144; Ayres v. King, 168 Mo. 244), it did not of itself devest him of all title. There was ample evidence to support a finding that his indebtedness was less than one-tenth of the whole, taking into proper consideration that indebtedness and that of the other distributees. Further, payment of his indebtedness prior to the institution of the bankruptcy proceedings would certainly have relieved Samuel T. Atkinson's interest in the estate of the burden to which it would otherwise have been subject. Payment had been made prior to the trial. If made prior to the time mentioned, plaintiff took Atkinson's interest unencumbered. The time of the payment having been before the trial court, and not being shown by this record, the usual presumption in favor of the judgment ought to be indulged. In the circumstances it is not necessary to decide whether payment made prior to the sale by the trustee and after the institution of the bankruptcy proceedings would have sufficed. The trial court seems to have arrived at a just conclusion so far as the rights of plaintiff and defendant are concerned, and they alone are affected by the judgment.

As the matter stands, the estate has received the money Samuel T. Atkinson owed it, defendant has all of the land (nine-tenths) he has paid for, and plaintiff has received a small part of what Samuel T. Atkinson owes him—the balance being uncollectible.

There is no reversible error in the record and the judgment is affirmed. *Roy* C., concurs.

PER CURIAM.—The foregoing opinion by BLAIR, C., is adopted as the opinion of the court. All the judges concur.