HARRY E. RIDINGS, Administrator De Bonis Non of Estate of T. D. GEORGE, ORA LEE RIDINGS, BERTHA GEORGE RENTSCHLER et al. v. HAMILTON SAVINGS BANK and VIRGIL CASH, Appellant.

Division One, March 2, 1920.

1. **CONVEYANCE: Interest and Not Land.** The granting clause of a deed of trust whereby the grantor doth "grant, bargain, sell, convey and confirm unto the said second party the following real estate: All of his right, title, share and estate in and to" certain lands, conveys whatever interest the grantor has, but not the land itself. The words "grant, bargain, sell, convey and confirm" do not purport to convey or warrant the land, or any particular interest therein, but only such right, title, interest or estate as the grantor has, whatever that interest may be.

2. ——: ——: **Administration: Innocent Purchaser.** A purchaser for value at the foreclosure sale of a deed of trust by which the grantor conveyed his interest in certain land, and not the land itself, made during the course of the administration of his father's estate to secure the payment of his individual debt, acquired whatever right, title and interest the grantor had, subject to all equities the other heirs had against his share or interest in said property. A purchaser at said foreclosure sale, though for value, is not an innocent purchaser, but similar to the grantee in a quit-claim deed, who takes with notice, actual or constructive, of the equities of third parties.

3. **ADMINISTRATION: Sale of Interest by Heir: Voluntary Conveyance by Other Heirs to Pay Debts.** The joining by non-indebted heirs of an estate in the course of administration, in a private sale and conveyance of other estate lands, to obtain money with which to pay debts primarily those of another heir, but allowed against decedent's estate, and the payment thereby of such debts, cannot be considered as a voluntary loaning by such heirs to such debtor heir or to the estate of the money to pay his or its debts, but are acts in their nature coercive, brought about by his delinquency, and neither he, nor another claiming his interest in another tract as purchaser at the foreclosure of a deed of trust made by him after decedent's death to pay his individual debts, can take advantage of a situation brought about by his wrong. An heir indebted

to decedent's estate, by reason of decedent's suretyship for him or otherwise, has in equity against the other heirs no definite share or interest in the estate, unless he pays such indebtedness, and failing to do so his interest or share is cut down to the extent of his debts to the estate; and the purchaser at the foreclosure of a deed of trust, by which he conveys his interest in the remaining lands to secure the payment of an individual debt, takes subject to the right of the other heirs, who have conveyed estate lands to pay estate debts, to be reimbursed out of his original share in such lands.

4. ———: ———: ———: **Final Settlement: Estoppel.** Heirs who assist the administratrix to pay estate debts, whereby she is enabled to make final settlement and be discharged, are not estopped to compel contribution, to the extent of a debtor heir's interest in estate lands conveyed by him to pay his individual debts. The grantee in such conveyance is not an innocent purchaser, a final settlement only indicates that there are no unsatisfied estate creditors, and such assistance is not voluntary.

5. ———: **Administrator De Bonis Non: Partition.** In a suit for partition brought by heirs, whether or not the appointment of an administrator *de bonis non* was void or valid need not be determined, since he is not a necessary party.

Appeal from Caldwell Circuit Court.—*Hon. Arch B. Davis*, Judge.

AFFIRMED.

*Johnson, McAfee & W. W. Davis* for appellants; *J. D. Allen* on brief.

(1) The daughters having placed their brother in a position to convey his share or interest in the estate to innocent parties, the loss should fall upon the children, the heirs of the estate, they being the parties to the transaction who placed him in a position to impose upon innocent parties. Chippen v. American Natl. Bank, 51 Mo. App. 508; Rossi v. Natl. Bank of Commerce, 71 Mo. App. 161. (2) The payment by the daughters into the hands of the administratrix a sum sufficient to pay all demands against the estate, was voluntary upon their part, they having made said payment with full knowledge of all of

the facts and having done so without fraud, duress, coercion, or extortion; therefore, it cannot be recovered in this action. Carter v. Phillips, 49 Mo. App. 319; Ritchie v. Bluff City Lumber Co., 86 Ark. (3) The approval of the final settlement and discharge of the administratrix was a final judgment, upon which the world might rely. McDonald v. McDaniel, 242 Mo. 172; Milling & Elevator Co. v. Thomson, 246 Mo. 595. (4) There is no showing in this case that Harry E. Ridings was the duly and legally appointed administrator *de bonis non* of the estate; therefore, the circuit court was without jurisdiction to determine the issues in this case. State ex rel. v. Holtcamp, 266 Mo. 365. (5) The payment of all debts against the estate, including the debts owing by T. D. George, Jr., with full knowledge of all of the other heirs, and no claim of said heirs, either of advancement or subrogation having been made in the probate court, and final settlement having been had and the administratrix discharged, created the simple relation of debtor and creditor between T. D. George, Jr., and other heirs, and any amount owing by him was not a lien on the distributive share, unless made so by judgment. Wooldridge v. Scott, 69 Mo. 669; Price v. Courtney, 87 Mo. 387.

*Bruce Barnett* for respondents.

(1) All of the items charged in and by the decree against the interest of Hamilton Savings Bank (the interest of Virgil Cash as trustee for said bank) as successor in title to defendant T. D. George, Jr., are properly chargeable. Trabue v. Henderson, 180 Mo. 625; Woerner's Am. Law of Administration, sec. 564; Hopkins v. Thompson, 73 Mo. App. 401. (2) The fact that the heirs at law sold real estate of the deceased and turned over the proceeds to the administratrix, who used same to pay debts allowed against the estate, upon which debts the son was primarily liable and the estate liable only secondarily, only illustrates, emphasizes and in this case strengthens respondents' position, namely, that out of

the proceeds of that sale the son has already received a part of his share in the estate, to-wit, to the extent that it was applied to the payment of the debts, which it was his primary duty to pay. (3) As between the estate and the creditors, the estate was liable upon the notes executed by deceased as surety' as fully as if deceased had been principal upon said notes. A payment for which one is legally liable is not voluntary, and it has never been held that a surety must wait to be sued and be subjected to costs and expense to be entitled to exoneration as against the principal. (4) It would be a tremendous leap from a little premise to a great conclusion to say that respondents sold the real estate of their deceased father's estate to discharge the son's liability. The transaction must be rationally construed, to-wit, that they were aiding in the administration of their father's estate and hastening the day when the remaining real estate of the estate might be free from the lien of demands against the estate. There was nothing voluntary in the act. Respondents simply yielded to the inevitable. Real estate of the deceased had to be sold to pay the debts of the estate, and a purchaser appearing, they lent a willing hand. (5) A purchaser of an heir's interest in real estate of which the ancestor had died siezed, acquires no greater interest than that of the heir. (6) The appellant bank must be treated as having had knowledge of the facts as to the indebtedness of T. D. George, Jr., to the estate at the time the deed of trust was executed to the bank, because the bank did not allege, nor prove nor undertake to prove that it did not have such knowledge, and even if innocence or ignorance of the facts had constituted a defense to the allegations of respondents as to the charges against the bank's interest, the burden of proof would have been upon the one asserting innocence or ignorance of the facts as the basis of his rights. Halsa v. Halsa, 8 Mo. 304; Edwards v. Railway Co., 82 Mo. 101. And this rule applies with particular force in this case, in which the bank did not pay out or give up anything upon the strength of the deed of trust, but took same to secure a debt long ante-

cedent. Brandom v. M'cCausland, 171 Fed. 402 (C. C. A.); Bradley v. Fuller, 118 Mass. 239; Austin v. Barrows, 41 Conn. 287.

SMALL, C.—Appeal from the Circuit Court of Caldwell County.

This is a suit to partition certain lands amongst the heirs of T. D. George, Sr., deceased (two of whom are the married women named in the title to the case), and the defendants, Hamilton Savings Bank and Virgil Cash, who acquired the right, title and interest of T. D. George, Jr., the other heir.

T. D. George, Sr., the father, died intestate November 7, 1913. Ella George, his widow, was appointed administratrix November 15, 1913. She seems also to have been a party to this suit, but whether plaintiff or defendant, does not appear from the abstract of record. T. D. George, Jr., is also a party defendant. At the time of the father's death, the son owed him a promissory note, which was never paid, and, at the date of the decree, amounted to $1,461.50. The father had also signed notes for his son as security and on joint account, all of which were duly presented, proved and allowed as claims against the estate, and amounted to $8,389.43, which was paid by the administratrix. On September 3, 1915, T. D. George, Jr., and his wife, made a deed of trust to William H. McAfee, trustee, to secure the note of said George of that date to the defendant Savings Bank for $4,965.26. This note was given in renewal of a prior note for that amount then due. The new note, secured by the deed of trust, was payable six months after its date. The granting clause of the deed of trust was, "grant, bargain and sell, convey and confirm unto the said party of the second part, the following described real estate, situate in the County of Caldwell in the State of Missouri: All of his undivided right, title, share and estate in and to the following described property, to-wit: [here describing it]."

The deed of trust contained no express covenants of warranty or of title. The note not being paid

when due, there was a trustee's sale, at which the defendant, Cash, became the purchaser, as trustee for the bank. The granting clause in the trustee's deed was, "bargain, sell and convey unto him, the said Virgil V. Cash, the real estate in said deed described, situate in the County of Caldwell and State of Missouri, to-wit: All the undivided right, title, share and estate of the said T. D. George, and Hazel George, his wife, in and to the following described property, to-wit: [here describing the property]."

To raise the money to pay the debts of the estate (there being insufficient personal estate), including those proved against the estate, for which the son was the principal debtor and primarily liable, the heirs of the estate, including the son, sold and conveyed certain other lands of the estate and paid over the money received therefor to the administratrix, who applied the same to the payment of the demands proved against the estate, including those for which the son was primarily liable above mentioned. The administratrix having thus fully paid all the obligations of the estate, filed a final settlement, which was duly made, and approved by the probate court August 12, 1915, when the administratrix was discharged. In October, 1915, the plaintiff Harry F. Ridings was appointed administrator *de bonis non*.

This suit was then commenced, returnable to the November Term, 1915 (or afterwards) of said court. The petition prayed, among other things, that the above sums paid by the administratrix on account of debts of the son proved against the estate should be charged against and deducted from his share of the estate in the hands of the defendants, Hamilton Savings Bank and Virgil Cash.

The answer pleaded that administration was duly had upon said estate and all claims against it paid. That Ella George, the administratrix, made final settlement, which was approved and said administratrix was discharged. That no assets were discovered after said final settlement, and there were no unpaid demands against said estate. That therefore the appointment of

plaintiff Harry E. Ridings as administrator *de bonis non* was void, and he had no capacity to sue. That said sale by the heirs of other lands of the estate to raise money to pay the debts of the estate and their payment by the administratrix out of such moneys, was a voluntary payment by them, and thereby said debts were fully discharged and paid, and if said T. D. George, Jr., was ever chargeable with any sum as advancements or as distributions already received by him, such obligation was discharged by such voluntary payment. The answer also alleged the making of the deed of trust to said bank by said T. D. George, Jr., and wife, and that he thereby conveyed to the trustee "all his undivided right, title and interest" in said property to secure its note against him, and that subsequently the deed of trust was foreclosed and the property bought by defendant Cash, at the trustee's sale.

The court decreed that plaintiffs Ora Lee Ridings and Bertha George Rentschler, out of the proceeds of the sale of the property in partition (which was ordered), should each first receive the sum of $8,389.43, with interest, subject to the widow's claim of dower, before the defendants, the bank and Cash, received anything, and that if anything then remained of such proceeds, it should be equally divided between said plaintiffs and defendant Cash, as trustee for the bank.

There were other issues involved below, but they are not involved on this appeal.

From said decree, defendants, the bank and Cash, appealed to this court.

I. The deed of trust and trustee's deed simply purported to convey whatever interest T. D. George, Jr., had at the time the deed of trust was made, and not the land itself, nor any definite portion thereof, divided or undivided. While the deed of trust contained the statutory words, "grant bargain, sell, convey and confirm," they did not purport to convey or warrant the land itself or any particular interest therein, but only such right, title, interest or estate, as

Conveyance.

the said T. D. George, Jr., had, whatever that interest might be.

In Stoepler v. Silverberg, 220 Mo. l. c. 267, where the same statutory words were used in the same connection in a deed, this court said: "The instrument must be read and constrained in the light of all its parts and when this is done, it is obvious that it does not attempt or purport to convey and warrant the lot itself, but only 'all such right, title and interest,' that Frederick Stoepler, at the date of the deed, had in and to said house and lot."

Even express covenants of warranty, not only do not enlarge, but are themselves restrained by the estate granted. [Bogy v. Shoab, 13 Mo. l. c. 380-1; Hanrick v. Patrick, 119 U. S. l. c. 175-6; Blanchard v. Brooks, 12 Pick. 47, opinion by SHAW, C. J.] Indeed, the answer, itself, in this case, expressly admits and alleges that in and by said deed of trust said T. D. George, Jr., "conveyed to William McAfee, trustee for defendant, Hamilton Savings Bank, all his undivided right, title and interest in and to" said real estate.

II.  As the bank or Cash, as trustee for it, simply acquired what right, title and interest the son had, its title is subject to all equities the other heirs had against the share or interest of the son, T. D. George, Jr., in said property. [Hope v. Blair, 105 Mo. l. c. 95; Mann v. Best, 62 Mo. 491; Schradski v. Albright, 93 Mo. 42; Campbell v. Gas. Co., 84 Mo. 352; Starr v. Bartz, 219 Mo. 47.]

Innocent Purchaser.

It is true the bank was a purchaser for value, because it extended the payment of the debt owing it by said T. D. George, Jr., at the time said deed of trust was made. [Smith v. Richardson, 77 Mo. App. 431; and cases cited; Gate City National Bank v. Elliott, 181 S. W. l. c. 28; Cass County v. Oldham, 75 Mo. 50.]

But, it is not sufficient to shut out equities of third parties that the purchaser of real estate be a purchaser for value, he must also be a bona-fide purchaser, that

is, a purchaser without notice, actual or constructive, of the equities of such third persons, which he cannot be when he simply takes a quit-claim deed, or deed simply conveying the grantor's interest (authorities first above cited). Appellants therefore were not innocent purchasers and they can claim no immunity or defense on that ground, as against the equities, if any, of the said Cora Lee Ridings and Bertha George Rentschler.

III. It is said, however, by appellants, that Mrs. Ridings and Mrs. Rentschler, in joining with their brother in selling other lands to pay off the debts of the estate, thereby, in effect, voluntarily loaned their brother or the estate the money to pay his debts to the estate. Therefore the brother was entitled to his full share of the land, and his sisters' claim against him was that of a general creditor, without any lien or charge or set-off of any kind against his undivided share of the remaining real estate. We cannot consent to this view. The sisters were forced to either consent to a sale of the land and join in it to raise the money to pay off the debts allowed against the estate, including those for which the brother was primarily liable, and the estate liable only as surety for him, or it would have been necessary for the administratrix to sell such land or other lands for that purpose under an order of sale of the probate court. They acted under a sort of duress brought about by their brother's delinquency, and neither he, nor the Bank claiming his interest, could take advantage of a situation brought about by his own wrong.

Trabue v. Henderson, 180 Mo. 616, is a case in point. There the son owed the estate a sum practically equal to the value of his share. There was no administration, but all the heirs, including the son, conveyed the land to their mother. As a part of the same transaction, they joined their mother in a power of attorney to one of the sisters, authorizing her to manage the property and pay off the debts. This was done to avoid the expense of administration. The sister took posses-

sion and operated the farm for several years so success-
fully that she paid off the debts of the estate, including
the son's debts for which the estate was liable. Another
creditor of the son obtained judgment against him, sold
out his interest in the land conveyed to his mother, and
bought it in at the sheriff's sale. He then brought suit
to set aside the deed to the mother, as fraudulent and
void as to creditors, because she paid no consideration
to the son. But this court held that the deed to the
mother was good, not only as against the son, but as
against his creditors, because at the time the deed was
made the son's share was subject to application in the
regular course of adminstration to the payment of his
obligations to the estate, and for the debts for which
his father went his security, and the estate was liable;
that such obligations amounted to the full value of the
son's share when he conveyed to the mother, therefore
the creditors lost nothing, because in the regular course
of administration, nothing would have been coming to
the son. The court said, page 626: "That is, in neither
event would the plaintiff [the creditor] get anything.
And the plaintiff would get nothing, because John [the
son] would get nothing. And John would get nothing
because he was entitled to nothing, *for the reason that
he owed the estate more than his inheritance amounted
to.*" (The italics are ours.)

In Hopkins v. Thompson, 73 Mo. App. 401, the court,
per SMITH, J., elaborately reviews the authorities, and it
is there clearly shown that a debt of an heir to the ances-
tor reduces his share by the amount of such debt, and the
other heirs not indebted (page 409), " 'are entitled to
have the sum due from one who is so indebted collected
from him, or, failing in this, they have a right to share
in the assets as if such collection had been made and
the debtor distributee share in the estate only upon the
like assumption of payment by him. So that if his debt
is equal to or greater than the value of one share in
the distributable estate, . . . he is never entitled to
anything from the estate. . . . It cannot be doubted
that this right of the administrator in behalf of the heirs

*and of such heirs themselves* to set off the distributive interest of the debtor heir in the lands of the ancestor, or to subject such interest to the payment of the debt of the estate as against third persons claiming as judgment creditors of the heir, is of equitable cognizance.' '' (The italics are ours.)

In other words, an heir indebted to the ancestor's estate by reason of the ancestor's suretyship for him or otherwise has in equity as against the other heirs no definite share or interest in the ancestor's estate, unless he pays such indebtedness, and failing to do so, his interest or share as heir is cut down to the extent of the sum he owes the ancestor's estate. If there is no difference, or his indebtedness exceeds the value of what would otherwise have been his share, his interest or share is nothing. Having nothing, he can convey nothing to others, or if anything remains, after deducting his indebtedness, he could convey what remains, but nothing more. So that the bank in this case by its deed of trust from T. D. George, Jr., and its purchase thereunder, could get nothing except one-third of what remained, if anything, after giving each of the two other heirs, as was done in this case, as much out of the estate, as he had already received by the payment of his debts. Having received his share or part of it once, neither he nor his grantee, the bank, is entitled to receive it again. In holding that the bank took subject to the equities of the other heirs, because it took a deed from the son conveying simply his estate and interest, whatever that was, we do not mean to hold that, if it had taken a warranty deed for "an undivided one-third interest" from him, as a bona-fide purchaser for value, the result would have been any different. We do not pass on that question, as it is not before us.

IV. It is also said by appellants that, because the sisters assisted the administratrix in raising the money, as they did, to pay the debts of the estate, whereby the administratrix was enabled to make a final settlement

Ridings v. Hamilton Savings Bank.

**Estoppel.** showing all the debts paid, the bank was deceived and led to believe the son's share was clear of all claims of the other heirs, and they ought now to be estopped, under the rule that where one of two innocent parties must suffer, the one to suffer should be the one whose conduct caused the loss. We do not agree to this, for several reasons: 1st, The bank was not an innocent party or purchaser, as we have already seen; 2nd, The fact that the estate appeared to be settled and all debts paid, indicated only that there were no unsatisfied creditors of the estate who might appropriate the land for their claims. It in no way related to or indicated anything as to the rights of the heirs against each other at law or equity; 3rd, The conduct of the sisters complained of was not voluntary, as we have already determined, but forced upon them to protect their own interests and that of the estate, and cannot therefore be said to be the culpable cause of the bank loaning its money to or taking its deed of trust from the brother. We must rule this point, too, against the appellants.

V. Whether or not the appointment of Harry E. Ridings, as administrator *de bonis non,* was void or valid, we need not determine, because he was not a necessary party to this suit. The real parties in interest were before the court, and all matters could be adjudicated without his presence.

**Administrator De Bonis Non.**

The judgment of the lower court appealed from was without error. It is therefore affirmed. *Brown* and *Ragland, CC.,* concur.

PER CURIAM:—The foregoing opinion by SMALL, C., is adopted as the opinion of the court. All of the judges concur.