CHARLES H. WARREN and Another, as Executors under the Last Will and Testament of AARON WARREN, Deceased, Plaintiffs, *v.* GEORGE M. WARREN and Others, Defendants.

Supreme Court, Dutchess County, February 6, 1932.

*Flannery & Supple* [*John E. Mack* of counsel], for the plaintiffs.

*John H. Miller*, for the defendant Tucker.

*Scrugham & Arbuckle*, for the defendant Blanche B. Warren.

MORSCHAUSER, J. Aaron Warren died on the 11th day of November, 1929. His will was probated May 5, 1930. His next of kin and heirs at law and legatees and devisees were John S. Warren, East Fishkill, N. Y., Charles Warren, Fishkill, N. Y., and George M. Warren, town of East Fishkill, N. Y. The terms of the will provide as follows: To the grandchildren, Ralph J. Warren, Louis S. Warren and Verna D. Warren, $4,650 each; to the son Charles Warren, $6,000; to the son John S. Warren the farm known as Emmons farm; to the son George M. Warren the " Home Farm " (the property in question).

George M. Warren has a wife, Blanche B. Warren, living. They are living separate and apart.

The legatees could not be paid in full. George M. Warren was indebted to the estate for over $5,000.

For that reason the children legatees and executors refused to present the will for probate until provision was made to protect the legatees and devisees under the will of Aaron Warren, deceased. A compromise agreement was entered into on May 5, 1930, under and by which George M. Warren consented to a lien in writing upon the " Home Farm " in the amount of $5,000. He defaulted in payment of interest and principal.

This action was commenced to collect the said lien.

The complaint herein alleges that Aaron Warren died on November 11, 1929, and that he left a last will and testament which was admitted to probate in the Dutchess County Surrogate's Court on the 5th day of May, 1930, as amended by an order of the surrogate, signed on that day, and duly recorded therewith; that under the 5th paragraph of said will George M. Warren was devised the property described in the complaint known as the " Home Farm," and that under the terms of a certain compromise agreement entered into on the 29th day of April, 1930, and approved by the Dutchess County Surrogate's Court May 5, 1930, the said George M. Warren, and all other heirs at law, devisees and legatees under said last will and testament of Aaron Warren, arranged to provide that the devise to the said George M. Warren, under the said 5th paragraph of said will, was subject to a lien of $5,000 in favor of the executors of the estate of said deceased, payable six months after date thereof

(May 5, 1930), with interest, and that the Dutchess County Surrogate's Court approved said compromise. A copy of said will is attached to the complaint and made a part thereof.

It is further alleged that George M. Warren failed to comply with the condition of the agreement and neglected and refused to pay the $5,000 due thereunder. Then follows the description of the property.

The complaint also alleges failure on the part of the said George M. Warren to pay said principal sum of $5,000 or the interest thereon, and that there is now justly due the sum of $5,000, with interest from May 5, 1930.

The complaint also alleges that pursuant to the request of said George M. Warren there was paid taxes $120.46 on the 15th day of December, 1930.

Further, that there is no other action or proceeding pending to recover said amount.

Then it is alleged that Blanche B. Warren, William Schwerckert, Frank P. Tucker, as trustee, and Richard B. Kain have or claim to have some interest in or lien upon the premises, or some part thereof, which interest or lien, if any, has accrued subsequent to and subordinate to the lien of the plaintiffs herein, and is subsequent to the lien of these plaintiffs.

Then the prayer for relief is in the usual form in foreclosure proceedings. Copy of the decree and order of the Dutchess county surrogate is also annexed to the complaint, and the petition upon which said order was made.

The answer of the defendant Frank P. Tucker, as trustee for twenty-two co-operative fire insurance companies, sets forth the judgment of defendant agent, George M. Warren, for $4,495.85 and the docketing thereof November 19, 1930, and claims that the said judgment is a lien upon the real estate mentioned in the complaint; that the judgments are unpaid.

The agreement and compromise is denied, and it is alleged that the Dutchess County Surrogate's Court had no jurisdiction to make the order of May 5, 1930, and that the judgment is superior to any claim of plaintiffs.

The answer of Blanche B. Warren contains denials, and also denies that her interest in the premises is subordinate to and subsequent to the liens of plaintiffs. It also alleges separate and distinct defenses in that she was lawfully married to George M. Warren on June 21, 1924, and is still his wife; that she was not a party to the compromise, and that her inchoate right of dower is prior to the plaintiff's lien, and that the complaint does not state a cause of action against her.

Briefly stated, Blanche B. Warren claims her inchoate right of dower is prior to the liens of plaintiffs. Frank P. Tucker, as trustee, claims that the judgments are prior liens to plaintiffs' lien. The plaintiffs assert that their lien is prior to either of these claims.

At the time of the death of Aaron Warren, George M. Warren, by the terms of his will, was entitled to the "Home Farm," but it was subject to every equitable claim that the estate had against said George M. Warren, and the compromise entered into recognized that claim; Mrs. Warren was not a party of the compromise.

This equitable claim was more than for what the settlement was made, $5,000, and they could have offset it against any legacy or devise that George M. Warren would have received. But they chose to put it in the form of an instrument, giving him time to pay it, so that he could retain the farm, and it is in the same shape and form as though he had purchased the farm from them and given a mortgage to them, and they had taken back a purchase-money mortgage; and in so far as the defendant Blanche B. Warren is concerned, she is in exactly the same situation as though her husband had become seized in fee simple of real property, subject to a mortgage or other lien already in existence. This title vested in George M. Warren subject to this equitable lien, and that equitable lien is prior to her claim for inchoate right of dower.

The rule of offset of an indebtedness by a legatee, if any, to the estate applies to a devisee as well, and such legatee or devisee must pay the indebtedness before he is entitled to the legacy or devise. (*Smith* v. *Kearney*, 2 Barb. Ch. 533; *Rogers* v. *Murdock*, 45 Hun, 30; *Clarke* v. *Bogardus*, 12 Wend. 67; *Matter of Bogart*, 28 Hun, 466; *Matter of Colwell*, 15 N. Y. St. Repr. 742.)

In the case of *Smith* v. *Kearney* (*supra*) Chancellor WALWORTH wrote (at p. 547): "The right of the executor or administrator to retain the whole, or a part, of a legacy or distributive share, in discharge or satisfaction of a debt due from the legatee or distributee to the estate, is not only consistent with the soundest principles of equity, but is perfecly well settled."

And at pages 548, 549: "That this is not a mere question of legal offset, but of equitable lien and right of retainer, * * * [and] the right to retain depended upon the principle that the legatee or distributee was not entitled to his legacy, or distributive share, while he retained in his own hands a part of the fund out of which that and other legacies, or distributive shares, ought to be paid, or which were necessary to extinguish other claims on that fund." (*Matter of Timerson*, 39 Misc. 675; *Leask* v. *Hoagland*, 64 id. 156.)

The learned Surrogate SLATER in *Matter of Flint* (120 Misc.

230, at p. 231) states the law clearly: " That the legatee or heir should fulfill his obligations to the estate before receiving the bounty is clear, just and equitable, and the court should enforce it. The principle that the distributee is not entitled to his distributive share, while he retains in his own hand a fund out of which that and other legacies or shares ought to be paid, governs the instant case."

The equitable offset was a prior lien to the liens of the judgment creditors.

The judgments were obtained after the will was admitted to probate and making of the compromise agreement. The compromise agreement was not recorded in the county clerk's office. It was unnecessary for whatever title to the " Home Farm " came to George M. Warren came from the will of Aaron Warren, deceased, with all equitable liens thereon.

The Surrogate's Court possessed jurisdiction to have adjudication made therein of this matter before it. The persons who were the object of the deceased's bounty had a prior right to that of the creditors of George M. Warren, whose claims were reduced to judgment subsequent to the adjudication had in the Surrogate's Court.

In fairness, in justice, and in equity all existing liens upon the property should have priority to creditors, although such claims were subsequently reduced to judgments. The source of the title upon which these judgments attach came from property, the object of deceased's bounty.

Whatever just claim or equitable liens were thereon should have first consideration and in law and equity upon the facts herein disclosed that indebtedness of George M. Warren should be declared an equitable lien upon the property and held against or offset against it before other creditors should take any benefits. There was no fraud or acts tantamount to a fraud in the course pursued. The method pursued was in a court of record, and with the court's approval and on its order. The cases hereinbefore referred to apply and justify the holding that the plaintiffs have an equitable lien prior to the judgment creditors.

I find that the defendant Blanche B. Warren's claim of inchoate right of dower is subject to plaintiff's lien and prior to judgment creditors.

I find that the defendant Frank P. Tucker, as trustee, and any other judgment creditors have no claim of priority over the lien of plaintiffs, but subsequent thereto.

The plaintiff's claim and lien is prior to said claim of defendant Blanche B. Warren and Frank P. Tucker, as trustee, for the reasons as hereinbefore set forth, and plaintiffs are entitled to judgment as asked for in the complaint herein, with costs. Present findings.