JAMES M. LEACH, APPELLANT, v. LENA E. ARMSTRONG ET AL., RESPONDENTS.—156 S. W. (2d) 959.

Kansas City Court of Appeals. December 1, 1941.

*James P. Boyd* and *David V. Bear* for appellant.

*Don C. Carter* for respondents.

SHAIN, P. J.—We are called upon to review the action of the Circuit Court of Boone County, Missouri, in dismissing partition proceedings filed in that court by the plaintiff herein.

One Alexander Leach died intestate in Boone County, Missouri, in the year 1937, leaving as his sole and only heirs the plaintiff herein and a brother and two sisters who are the defendants herein.

The estate of said Alexander Leach is now pending in the Probate Court of Boone County, Missouri. The total property of which he died seized consisted of a small tract of land in Boone County, Missouri, and a personal estate inventoried at $700.

It stands admitted that the $700 personal estate is more than ample to meet all demands allowable against his estate. It is admitted that the plaintiff herein, during the lifetime of his father, became indebted to his father in sums amounting to $1800.

Prior to the death of plaintiff's father, plaintiff took the benefit of the bankruptcy law and his father filed the total amount of the indebtedness and the same was allowed, and his father, in the final windup of the bankruptcy, received a dividend, and the plaintiff's liability for the balance of the debt to his father was extinguished by the plaintiff's discharge in bankruptcy.

In January, 1938, plaintiff filing his petition in the Circuit Court of Boone County, Missouri, asking partition of the real estate of which his father died seized, and in said petition alleging himself a one-fourth interest and a one-fourth interest in each of the defendants herein, and alleged non-feasibility to the partition in kind and asked that the real estate be sold and the proceeds divided one-fourth to each of the parties plaintiff and defendant.

The defendants answered invoking the doctrine of equitable retainer and alleging that the plaintiff was now insolvent and was indebted to their father's estate in a greater amount than his distributive share, alleging that he thereby had no interest in the aforesaid real estate upon which to base his petition for partition, and asking that his petition be dismissed.

The plaintiff, in reply, set up his discharge in bankruptcy, alleging that, by reason thereof his debt had been so extinguished, and that the doctrine of equitable retainer or setoff had no application thereto. Further replying he states that since his said discharge in bankruptcy he had received no advancement by way of debt or otherwise from his father and plaintiff renewed his prayer for partition and disbursement as aforesaid.

By the orders and decrees of the trial court, it was adjudged that the plaintiff's petition be dismissed by reason, we conclude, of the admitted fact that even if the indebtedness to his father, the liability of which had been extinguished in bankruptcy, had been listed and become an asset of his father's estate and thereby had augmented the estate to the amount thereof, that the aforesaid indebtedness, the liability of which had been extinguished, would far exceed any interest in the said real estate and personal estate of his father that would be coming to him by inheritance.

The facts are that the balance, the liability of which had been extinguished by his discharge in bankruptcy, was not inventoried and did not augment said estate, and there is no claim made by the plaintiff herein that the amount of the debt, the liability for which had been extinguished by his discharge, would not exceed his amount of inheritance if the same were taken into consideration and allowed as a setoff.

From the action of the Circuit Court in dismissing his petition, the plaintiff duly appealed.

In our opinion we will continue to refer to the parties as plaintiff and defendants.

### OPINION.

The abstract and briefs herein are not strictly in line with the rules of our court. However, there is shown such an agreement as to the one issue of law, and as to the facts that go to determine that issue, as to incite commendation rather than condemnation.

The question that must be answered in the solution of this case is as follows: Is the debt of an heir to his ancestor, the liability for which has been extinguished by bankruptcy, chargeable to him in an equitable accounting among the heirs so as to diminish or extinguish the interest he would have otherwise received?

There are certain fundamental principles which must be considered in answering the above question. It must be understood that he who acquires by inheritance does so by purchase. We must take into consideration that law is reason, and when the reason ceases, the law ceases. We must further have in consideration the fundamental principle that equity follows the law.

The reason and purpose for the bankruptcy law is to relieve from liability for debt an insolvent person who had brought himself within the purview of the law. We find nothing in the context of the bankruptcy law that indicates any intention to create the liability for debt that has been extinguished to an asset that will augment to the bankrupt greater purchasing consideration by inheritance than he would have had if he had not taken the benefit of the law.

Insofar as our research goes we find no Missouri court opinion, and none is cited in the briefs herein, wherein the discharge of the liability for a debt to the ancestor is permitted to bar the application of the principle of equitable retainer.

The amount of indebtedness for which the plaintiff has been relieved of liability has been rightfully eliminated from the inventory of his father's estate. Such elimination results in a diminution of the estate of the father.

If, in the distribution of the father's estate among his four heirs, the application of the beneficence of equitable retainer be barred, a situation is presented wherein the plaintiff enures to the beneficence

of the bankruptcy laws by being relieved of his liability of promise to pay and, by barring his co-heirs of the beneficence of the law of equitable retainer thereby, in effect, converts the debt, the liability for which has been exterminated, into an asset which augments his purchasing power of inheritance to the diminution of the purchasing power of inheritance of his co-heirs.

Such, we conclude, does not come within the purview of the bankruptcy law. Certainly the purchasing power of inheritance of the defendants who are his co-heirs should not be diminished by such an application.

There is a well balanced opinion by the Supreme Court of Missouri that holds that a debt, the liability for which has been extinguished by limitation, is no bar to the application of equitable retainer.

The plaintiff, appellant herein, undertakes to distinguish between extinguishment of liability by discharge in bankruptcy and extinguishment of liability by operation of limitation. The plaintiff's argument on this point is defective in that the premises from which he draws his conclusions are taken from the reason for discharge by bankruptcy and the reasons for discharge by limitation.

The reasons applying to bankruptcy and the reasons applying to limitation are entirely different, and premises based upon the different reasons furnish no basis for logical conclusion on the question herein involved. It is only the ultimate effect of each, to-wit, extermination of liability for debt, which presents something inclusive to both from which conclusion may be drawn.

In the case of Lietman's Executor v. Lietman, 149 Mo. 112, the court clearly declares the law to be that the debts of an insolvent, even though barred by limitation, should be deducted from his legacy bequeathed to him.

In Duffy v. Duffy, 155 Mo. 144, the question of priority of distributive share of an insolvent heir was before the court. In said case it is held that the heir's share by inheritance must be determined by deduction of this debt to the estate regardless of rights of exemption and further that a judgment against said heir in favor of a general creditor be not paid out of the heirs' distributive share until the heirs' debt to the estate be first deducted. While the facts in the above case are not on all fours with those in the Lietman case, supra, yet the opinion in the Duffy case specifically states, "The principles of law involved in this case have been very recently settled in this court in the case of In re Estate of Lietman, 149 Mo. 112."

We conclude that the same principles of law are involved in the case at bar as were involved in the Lietman and Duffy cases. The Lietman case has been cited in State ex rel. Gott v. Fidelity and Deposit Co., 317 Mo. 1092.

Both the Lietman and the Duffy cases are cited and commented on with approval in Ayres v. King, 168 Mo. 244.

There has been a divergency of opinion in our sister states touching the question presented in the case and in both Missouri opinions and in the opinions of other states, in discussing the question of discharge in bankruptcy. The courts have used such expressions as: Bankruptcy releases the bankrupt of all provable debts save those excepted by the act; discharge in bankruptcy is conclusive against any future liability of the bankrupt.

We find foreign authority, Colton v. Depew, 44 Atl. 662, 663, and also 59 N. J. Eq. 126, which states, in effect, that discharge in bankruptcy is unlike limitations and is a positive extinguishment.

As used in the context of the opinions, supra, the language is rightfully expressive when considered as directed to the subject matter to which the language applies.

The above cited foreign cases are suits wherein the foreclosure of a mortgage is sought. The distinction being made between bankruptcy and limitations was that absence from the State is taken into account in determination of extinguishment of liability and not taken into account when the extinguishment was by operation of bankruptcy.

The issues in the above class of cases are so different from the issue in the case at bar that premises for conclusions as to matters of inheritance and equitable retainer are not found therein.

The plaintiff cites Sartor v. Beaty, 25 S. C. 293. The said case states the South Carolina rule to be that equitable retainer only applies to the personal estate. However, the opinion as to the application of the doctrine is definitely contrary to the position taken by the plaintiff herein.

The opinion is clearly to the effect that bankruptcy does not bar the application of equitable retainer. In the above opinion the court quotes from an earlier opinion as follows:

" 'Equity will enforce a discount of mutual demands between the parties *really interested,* although the demands are not in the same legal right, and therefore could not be set up in discount at law.' The doctrine of equitable retainer is based upon the principle that he who seeks equity must do equity." (Italics theirs.)

Plaintiff cites cases from Alabama. In that State the rule is in accordance with plaintiff's contention. We conclude that the doctrine of equitable retainer as applied in Alabama is in conflict with the doctrine as applied by the courts of this State.

Williams v. U. S. Fidelity & Guaranty Co., 236 U. S. Reports, 549, is cited. The question therein involved was as to release in bankruptcy acquitting an express obligation to indemnify the bankrupt's surety. We find nothing in the opinion in the said case that remotely applies to equitable retainer.

Wharton v. Citizens Bank, 15 S. W. (2d) 860, is cited. The opinion is by this court. In the said case, a suit to ascertain title, it is held that fraud upon the part of the husband is securing dis-

charge in bankruptcy is immaterial as respects a creditor's right to satisfaction of spouse's joint debt from estate by entirety. We find nothing in the above case that has application herein.

The issue in this case does not involve the question of enforcement of obligation, moral or otherwise. The issue herein involves equality of purchase by inheritance among the heirs.

We conclude that the action of the trial court in dismissing plaintiff's petition conforms to sound principles of law and equity. The facts are conclusive that the plaintiff has had his cake and eaten it. Having eaten same, the conclusion of the trial court that he has it not, is sound. Judgment affirmed. All concur.