JOHN W. OLD, Individually and as Administrator d. b. n. c. t. a. of the Estate of CLAUDA HEEG, Deceased; MARIAN OLD, NORA McCARTY, FRANK McCARTY, and MARTHA LOCHHAUS, Appellants, v. HENRY P. HEIBEL, ST. LOUIS COUNTY LOAN & INVESTMENT COMPANY, a Missouri Corporation; A. J. OTTO FRANK, Sheriff of the County of St. Louis, Missouri; STANDARD OIL COMPANY OF INDIANA, a Corporation; GEORGE F. ROBERTSON and GLASCO ELECTRIC COMPANY, a Corporation.—No. 38773.—178 S. W. (2d) 351.

Division One, March 6, 1944.

*Taylor R. Young* and *Richard A. Austin* for appellants.

512

*A. H. Kerth* and *Dalton W. Schreiber* for St. Louis County Loan & Investment Company respondent.

DALTON, C.—Action in equity to establish and foreclose a lien on described real estate in St. Louis County. A cross petition was filed by defendant St. Louis Loan and Investment Company

(hereinafter referred to as Investment Company) against plaintiffs and the other defendants to quiet and determine title to the described real estate. The trial court found for the defendant Investment Company on its cross petition. Plaintiffs have appealed.

The facts are not in dispute. Clauda Heeg, owner of the described real estate, died testate on December 8, 1934 and by her last will and testament devised the described real estate to one Henry P. Heibel. Heibel was named executor without bond and one of six residuary legatees in the will. The other five residuary legatees and the present administrator de bonis non cum testamento annexo are plaintiffs. On December 10, 1934, the will was duly admitted to probate and Heibel was appointed executor without bond. An inventory was filed showing real and personal property of the value of $20,000. All claims against the estate and all special legacies provided by the will of deceased have been fully paid. On November 10, 1938, defendant Investment Company recovered a personal judgment against Heibel for $2635.15. Execution was thereafter duly issued, a levy made and, on September 9, 1940, Heibel's interest in the described real estate was sold to defendant Investment Company. A sheriff's deed was duly executed, delivered and recorded.

After the rendition of the above judgment against Heibel, but prior to the sale of the real estate, Heibel was, on November 16, 1939 for cause, removed as executor of the estate of deceased. The records of the Probate Court show removal on the admitted ground of appropriation of $761.00 of the assets of the estate. Final settlement to date of removal was subsequently filed showing $3588.35 due the estate of deceased. Settlement was approved February 26, 1942 and judgment entered in favor of plaintiff administrator and against Heibel. No appeal was taken and the judgment is final and has not been paid. Heibel is wholly insolvent. No final settlement of the estate of deceased has been made and no distribution has been ordered.

Plaintiffs' petition charged that Henry P. Heibel had no right, title or interest in the described real estate subject to execution by his general creditors; that Heibel's interest in the described real estate was contingent until administration of the estate of Clauda Heeg, deceased, had been finally settled and Heibel's indebtedness to the estate had been fully discharged; that the sheriff's deed to defendant Investment Company created a cloud on plaintiffs' title; and that the other defendants, to whom Heibel had assigned an interest in the estate, claimed some right and interest therein. Plaintiffs prayed the court to quiet and determine title to the described real estate and declare the same to be an asset of the estate of the deceased until final settlement of the estate had been made. Considering, however, other allegations of the petition, we think it is apparent that, by this proceeding, the plaintiffs seek to have the judgment (which was rendered in favor of the estate and against Heibel and which admittedly covers

his misappropriation of the funds of the estate) declared a superior equitable lien upon the described real estate which was devised to Heibel, but which subsequently, and prior to Heibel's defalcation, became subject to the lien of the Investment Company's judgment against Heibel. Plaintiffs, in effect, contended that defendant Investment Company, at the execution sale, acquired only Heibel's interest in the described real estate; that, since there had been no final settlement of the estate nor any order of distribution, the rights acquired by defendant Investment Company were subject to plaintiffs' equitable right of retainer or set off against the devised real estate for funds due the estate from Heibel; that such right is superior to the lien of the Investment Company's judgment that has been foreclosed (even though the claim of the estate to retainer and set off arose after the lien of defendant Investment Company's judgment attached); and that the plaintiffs' right of equitable retainer or set off is superior to defendant Investment Company's title. (Compare, Warren v. Warren, 255 N. Y. S. 206, 143 Misc. Rep. 43.)

The Investment Company contends it is entitled to the decree quieting and determining its title against all of the plaintiffs and all of the other defendants. It insists that the interest of a devisee is not chargeable with his debts to the estate where a valid judgment lien has intervened; and that the right of equitable retainer does not exist against real estate devised by will or vested under the statute of descents. It concedes that the right of equitable retainer exists in favor of an estate against personal property in the hands of the executor or administrator.

There is a conflict among the decisions of the several states on whether the indebtedness of an heir may be charged against his share of the real estate, or the proceeds thereof, and whether a specific devise of real estate is subject to the devisee's debts to testator's estate. 21 Am. Jur., Executors & Administrators, Sec. 460; 34 C. J. S., Executors & Administrators, Sec. 494(d); 24 C. J. 489, Sec. 1317; 69 C. J. 965, Sec. 2155; 18 C. J. 966, Sec. 337; 11 R. C. L. 247, Sec. 279; Annotations, 1 A. L. R. 1017 and 1027; 30 A. L. R. 780; 75 A. L. R. 882 and 885; 110 A. L. R. 1387, 1388. The right of equitable retainer or set off against real or personal property is well established in this state and it is immateral whether the real estate passes by descent (Sec. 306, R. S. 1939) or by will (Sec. 518, R. S. 1939).

In the case of Duffy v. Duffy, 155 Mo. 144, 55 S. W. 1002, plaintiff, an insolvent heir, was indebted to his father at the time of his death and the claim was reduced to judgment by the father's administrator. Plaintiff then brought suit to partition, among the heirs, real estate inherited from the father. On appeal, this court ordered plaintiff's distributive share of the proceeds of the real estate paid to the administrator to be applied on the judgment in favor of the estate. The court said: "An heir's interest in an estate consists of his distributive

or inherited share of the estate less what he owes the estate; or, in other words, what he owes the estate is to be treated as so much of his interest in the estate already received by him, and therefore in the distribution of the property, whether real or personal, he is entitled only to so much thereof as plus what he has already received will make his share equal to the share of the other heirs or distributees. Otherwise the heir would receive as much more than the other heirs received as the debt he owed the estate amounted to. It could not be tolerated that he should be allowed to thus diminish the shares of the other heirs who had received nothing from the estate.''

In the case of Lietman's Estate v. Lietman, 149 Mo. 112, 50 S. W. 307, a nonresident insolvent legatee was indebted to testator on notes for an amount in excess of the total amount of a specific legacy and a pro rata share of the surplus, as provided by the will. This court held that the legatee's legacy should be credited on his indebtedness, on the theory that he was not entitled to his legacy, or distributive share, while he retained a part of the fund out of which his and other legacies, or distributive shares, were to be paid and so diminished the fund to that extent.

In the case of Ayres v. King, 168 Mo. 244, 247, 67 S. W. 558, an owner of real estate died intestate and his real estate passed to his heirs at law, one of whom, who was insolvent and nonresident, owed him more than his (the heir's) share in the estate was worth. A creditor of this heir obtained judgment, levied upon, sold and bought in the debtor heir's interest in the real estate, and then sought partition. This court said: ''The plaintiff has no substantial interest in this land. He holds under his sheriff's deed the bare legal title which his judgment debtor inherited, charged with a debt in favor of the estate far beyond its value. He stands in the shoes of his judgment debtor.'' Partition was denied.

In the case of Trabue v. Henderson, 180 Mo. 616, 625, 79 S. W. 451, this court refused to set aside as fraudulent, as to the creditors of an heir, an heir's deed conveying his interest in his father's real estate, where the heir owed the estate more than his share of the real estate was worth. The court said the heir would have received nothing from the estate and the creditor lost nothing by the conveyance.

For other cases recognizing the doctrine of equitable retainer as applicable to personal property and to real estate, or the proceeds thereof, and regardless of whether the real estate passed by devise or descent, see, Thompson v. McCune, 333 Mo. 758, 63 S. W. (2d) 41, 44; Wright v. Green, 239 Mo. 449, 454, 144 S. W. 437; Ridings v. Hamilton Savings Bank, 281 Mo. 288, 219 S. W. 585, 587; State ex rel. Howe v. Hughes, 343 Mo. 827, 123 S. W. (2d) 105, 111; Leach v. Armstrong (Mo. App.), 156 S. W. (2d) 959, 960; Burch ▮ v. Horn (Mo. App.), 156 S. W. (2d) 929; Studer v. Harlan, 233 Mo. App. 811, 109 S. W. (2d), 687, 689; Gorg v. Rutherford (Mo. App.), 31 S. W.

(2d) 585, 588; State ex rel. Toller v. Ennis, 222 Mo. App. 713, 7 S. W. (2d) 737, 739; Traders' Bank v. Dennis' Estate (Mo. App.), 221 S. W. 796, 797; Hopkins v. Thompson, 73 Mo. App. 401.

It, therefore, appears that the doctrine of equitable retainer or set off applies against the purchaser of an heir's or devisee's interest at execution sale and such purchaser takes only whatever title the heir or devisee had, and subject to existing equities to the estate and to the other heirs or legatees. Duffy v. Duffy, supra; Ridings v. Hamilton Savings Bank, supra; 16 Am. Jur., Descents & Distribution, Sec. 136, pp. 916-917; 21 Am. Jur., Executors & Administrators, Secs. 463 and 465; 28 R. C. L. 356, Sec. 356.

"In other words, an heir indebted to the ancestor's estate by reason of the ancestor's suretyship for him or otherwise has in equity as against the other heirs no definite share or interest in the ancestor's estate, unless he pays such indebtedness, and, failing to do so, his interest or share as heir is cut down to the extent of the sum he owes the ancestor's estate. If there is no difference, or his indebtedness exceeds the value of what would otherwise have been his share, his interest or share is nothing. Having nothing, he can convey nothing to others, or, if anything remains after deducting his indebtedness, he could convey what remains, but nothing more." Ridings v. Hamilton Savings Bank, supra, (219 S. W. 585, 588); Hopkins v. Thompson, supra, (73 Mo. App. 401, 410).

Respondents seek to distinguish some of the cases, supra, on the theory that the real estate had been converted into money, however, regardless of the conversion into money, the surplus remaining after payment of deceased's debts, retained the character of real estate for the purposes of succession or distribution. State, to Use of Enyart v. Doud, 216 Mo. App. 480, 269 S. W. 923, 924; In re Claus' Estate, (Mo. App.), 147 S. W. (2d) 199, 202. In any case, the doctrine of equitable retainer has been applied against real estate unconverted into money by sale to pay debts or otherwise. Ayres v. King, supra; Trabue v. Henderson, supra; Leach v. Armstrong, supra; 26 C. J. S. Descents & Distribution, Sec. 71. It is also immaterial that the indebtedness to the estate did not exist when the testator died, but arose thereafter from the payment of security debts. Traders Bank v. Dunn's Estate, supra; Trabue v. Henderson, supra; Hopkins v. Thompson, supra; Woerner's American Law of Administration, 3rd Ed. Vol. 3, Sec. 564, p. 1925; 21 Am. Jur. Executors & Administrators, Sec. 455; Wills, 28 R. C. L. p. 356, Sec. 356; Annotations, 1 A. L. R. 1000. The doctrine has frequently been applied to claims arising out of the conversion, waste or misapplication of assets by a legatee or distributee while acting in the capacity of executor or administrator. Annotations, 1 A. L. R. 1005; 30 A. L. R. 778; 75 A. L. R. 880; 34 C. J. S. Executors & Administrators, Sec. 494. However, it appears that the entire basis of the doctrine is one of equities and in this case, at the

time the lien of Investment Company judgment attached, no equities existed in favor of the estate, the plaintiffs or others and against Heibel. In other words, on the record in this case, the Investment Company's rights intervened and attached to Heibel's interest in the described real estate prior to the time that the equities, which plaintiffs now seek to assert, arose.

Appellants' position that the real estate remained a part of the estate, and that Heibel had no interest subject to be taken on execution prior to final settlement cannot be sustained. Upon the probate of the will, the title to the described real estate vested in Heibel as of the death of Clauda Heeg. Henderson v. Calhoun (Mo. Sup.), 183 S. W. 584, 586. It was a legal title, but subject to (1) the later invalidity of the will (Hughes v. Burriss, 85 Mo. 660); (2) the ultimate outcome of subsequently instituted will contest proceedings (Hines v. Hines, 243 Mo. 480, 496, 147 S. W. 774; Byrne v. Byrne, 289 Mo. 109, 120, 233 S. W. 461); (3) the payment of the debts of testatrix, and even if there was no administration (Hagan v. Lantry, 338 Mo. 161, 89 S. W. (2d) 522, 526); (4) the payment of debts, if any, due by the devisee to the testatrix at the time of her death (Burch v. Horn, supra, 156 S. W. (2d) 929, 932); (5) the payment of devisee's debts to the estate arising during the course of administration, where based upon existing equities, as where testator was surety for devisee and the estate has subsequently paid the debt (Traders' Bank v. Dennis' Estate, supra.); and (6) other equities arising between the devisee and the estate or other devisees or ▉▉▉ legatees during the course of the administration and prior to the intervention of the rights of third parties. In this case, defendant Investment Company acquired Heibel's interest in the described real estate, prior to the time plaintiffs' rights came into existence, and it follows that defendant Investment Company's title is superior to the rights of plaintiffs.

The judgment is affirmed. *Bradley* and *Van Osdol, CC.,* concur.

PER CURIAM:—The foregoing opinion by DALTON, C., is adopted as the opinion of the court. All the judges concur.