DUFFY v. DUFFY et al.; COOK, Administrator, Appellant.

### Division One, March 14, 1900.

1. **Partition:** HEIR'S INTEREST. An heir's interest in an estate consists of his distributive or inherited share less what he owes the estate.

2. ————: PARCENER'S DEBT: TO ESTATE: EXEMPTIONS: JUDGMENTS. Before an insolvent heir can share in the distribution of the proceeds of a sale of his ancestor's lands made through a partition suit, there must be deducted from his share the amount of any judgment he owes the estate. Nor can the heir's statutory exemptions come in ahead of the payment of this debt to the estate. Nor can a judgment against such heir in favor of a general creditor be paid out of his distributive share before his debt to the estate is satisfied.

Appeal from Montgomery Circuit Court.—*Hon. E. M. Hughes,* Judge.

REVERSED AND REMANDED (*with directions*).

*W. B. M. Cook* for appellant.

(1) The indebtedness due to the father by the child is equivalent to an advancement to the child. On distribution of the father's estate, the child's right of inheritance, or his right as distributee, will not attach until his indebtedness be

first paid. Ford v. O'Donnell, 40 Mo. App. 52. (2) The right of exemption under section 4906, R. S. 1889, is a specific right. If it existed at all in favor of plaintiff, it existed only in the real estate prior to the sale. (3) The right of exemption under section 4906 in the real estate was waived by plaintiff when he sought its partition in a partition suit brought by him without setting up in his petition his right of exemption. Hombs v. Cordin, 20 Mo. App. 503; Holliday v. Mansker, 44 Mo. App. 466; Finley v. Barker, 110 Mo. 408. (4) Having waived his right of exemption by the petition he filed in the partition suit, plaintiff could not be heard to invoke the right of exemption after the sale of the real estate in partition, by motion. Stewart v. Stewart, 65 Mo. App. 663; Paddock v. Lance, 94 Mo. 283. (5) The right of exemption under section 4906 can only be exercised upon specific property in the actual and exclusive possession of the party claiming the right of exemption. Davis v. Williamson, 68 Mo. App. 308. And this right applies only to property in the immediate and exclusive possession of the claimant. It does not extend to property owned jointly or in common with others or to partnership property. State ex rel. v. Spencer, 64 Mo. 358.

*Robert Shackleford* for respondents.

MARSHALL, J.—In December, 1892, Daniel L. Duffy died intestate, seized of the lands described in the petition, situate in Montgomery county, and leaving as his heirs the plaintiff and the defendants, other than the administrator named. The plaintiff was indebted to his father at the time of his death in the sum of $1,070.10, and thereafter the administrator reduced this claim to judgment. The plaintiff was and is insolvent. The plaintiff instituted this action asking a partition of the real estate, alleged that it was not susceptible of partition in kind and asked

that it be sold and the proceeds distributed.    The administrator and the other heirs answered and asked that the distributive share of the plaintiff be subjected to the payment of his debt to the estate.    The case was tried and an interlocutory decree entered ordering the property to be sold and the proceeds divided equally between the seven heirs of the deceased, but subjecting the share of the plaintiff to the payment of his debt to the estate.    The property was sold for $2,275, and plaintiff's share thereof amounted to $325. Thereupon the plaintiff filed a motion alleging that he was the head of a family and held no other property "except some household and kitchen furniture," the value he did not state, and asking that he be allowed three hundred dollars as exempt.    The evidence offered in support of this motion sustained the allegation that he was the head of a family and that he had no property except his interest in this property. Thereupon the court modified the interlocutory decree, and ordered that he be paid three hundred dollars, and that the balance of his share be applied, first, to the payment of a judgment for $50.72 in favor of W. Duey, W. H. Clane and I. C. Uptegrove against the plaintiff, rendered by a justice of the peace on the 26th of January, 1896, and second, whatever remained, if anything, should be turned over to the administrator to be applied on the judgment in favor of the estate.    As there was only $325 to be divided, and as the court had already ordered that $350.72 should be paid out of it, the order was very properly qualified by providing that if anything was left it should go to the estate, but as there could be nothing left under such circumstances the administrator very naturally excepted to the ruling and appealed to this court.

The principles of law involved in this case have very recently been settled in this court in the case of In re Estate of Lietman, 149 Mo. 112.    True in that case the debt due the estate was deducted from a specific legacy, while here

the debt is asked to be deducted from the plaintiff's interest in the real estate described, but the principle involved 'is the same. It was pointed out in that case that Waterman on Set-Off (2 Ed.), sec. 20, lays down this rule: "And it is against conscience that he should receive anything out of the fund without deducting therefrom the amount of that fund which is already in his hands as a debtor to the estate." The conclusion reached in Lietman's case was: "It matters not by what name the proceeding is called, whether retainer, advancement, set-off or assets in the hands of the legatee the practical result is the same, and it rests upon wholesome principles of right and justice........The reason, necessity and wisdom of the rule is strikingly illustrated in this case, where an insolvent, non-resident legatee seeks to diminish the distributive shares of others, by claiming a part of the estate, while he owes the estate twice as much as his legacy amounts to."

Section 4906, Revised Statutes 1889, applies only to property owned by the head of a family, as against the claim of third persons, and manifestly and for the reasons given in Lietman's case can not be invoked by an heir to exempt his interest in real estate as against a debt he owes the estate. An heir's interest in an estate consists of his distributive or inherited share of the estate less what he owes the estate; or, in other words, what he owes the estate is to be treated as so much of his interest in the estate already received by him, and therefore in the distribution of the property, whether real or personal, he is entitled only to so much thereof as plus what he has already received will make his share equal to the share of the other heirs or distributees. Otherwise the heir would receive as much more than the other heirs received as the debt he owed the estate amounted to. It could not be tolerated that he should be allowed to thus diminish the shares of the other heirs who had received nothing from the estate.

The judgment of the circuit court therefore was erroneous, in allowing the plaintiff three hundred dollars, when he had already received from the estate over a thousand dollars, which in itself was over three times as much as the shares awarded to any of the other heirs, and which practically worked out that the plaintiff would receive over thirteen hundred dollars while the other heirs each received only three hundred and twenty-five dollars, and was further erroneous in ordering the judgment in favor of a general creditor to be paid before the judgment in favor of the estate was satisfied.   The effect of this judgment is this: the plaintiff is not entitled to any part of this property because his debt to the estate is over three times as much as his share of the property; yet he is given three hundred dollars, and his general creditor is given twenty-five dollars of the property of the estate, while he still remains indebted to the estate over one thousand dollars.   The effect of all which is that the shares of the other heirs are diminished three hundred and twenty-five dollars, or in other words the other heirs pay him three hundred dollars and pay his general creditors twenty-five dollars, when he has already received three times as much from the estate as any one of them do, and under the operation of the judgment will receive more than half as much as the whole property sold for although he is only entitled to one-seventh of the estate as heir.

Of course such a judgment can not stand.   It is therefore reversed and the cause remanded to the circuit court with directions to enter a final decree in accordance with the interlocutory decree as originally entered directing the sheriff to pay the plaintiff's share to the administrator to be applied by him *pro tanto* upon the judgment in favor of the estate and against the plaintiff.   All concur, except *Robinson, J.*, absent.