BLANCHE BURCH, BERNICE HUTCHINSON, LOUESE MOSES, DELLA MOSES, BLANCHE WASSON, FERN JAMES and GRACE THOMPSON, RESPONDENTS; v. ELIZABETH HORN, FREDERICK J. HONAKER, JAMES HONAKER, CLARA DOUGHERTY, HUSTON F. HONAKER, CHARLES L. CALFEE, RICHARD E. FURGUSON, JOHN P. PRICE, GRANT ELROD, IDA JONES, FARMERS AND MERCHANTS BANK OF ELMO, MISSOURI, A CORPORATION, M. F. LIVENGOOD, L. L. LIVENGOOD, RAY WEIGHTMAN, AND GLEN R. HULL, Defendants. ELIZABETH HORN, FREDERICK J. HONAKER, JAMES HONAKER, RICHARD E. FERGUSON, JOHN P. PRICE, GRANT ELROD AND IDA JONES, Appellants.—156 S. W. (2d) 929.

Kansas City Court of Appeals. November 3, 1941.

390

*A. F. Harvey* for respondents.

*Earl C. Borchers, Orville R. Powell* and *George R. Miller* for appellants.

SHAIN, P. J.—This is an action for partition of real estate wherein the court is asked to make an equitable accounting among the title

owners and to find the respective interests in accordance with equitable adjustment and accounting.

There are facts and circumstances which so complicate the task put upon the court that it is impossible to present an intelligent conclusion on issues involved without a clear and concise statement of the facts and circumstances from which conclusions are drawn.

It appears that on or about June 6, 1905, one Benjamin F. Honaker died testate in Nodaway County, Missouri. At the time of his death the aforesaid Honaker owned in fee unincumbered lands in Nodaway County, Missouri, and also was possessed of personal property in excess of his debts.

The duly attested will of aforesaid Honaker made disposition of his whole estate as follows:

"First—It is my will that my funeral expenses and all my just debts be fully paid.

"Second—I give and bequeath all the rest residue and remainder of my estate both real and personal to my beloved wife Louisa J. Honaker to have and to hold to her my said wife during her lifetime: And at her death: the balance to be equally divided between ?

| | |
|---|---|
| Elliott Honaker | James Honaker |
| Elizabeth Horn | Vera Calfee |
| Mary Sheets | Clara Honaker |
| Frederick Honaker | Husten Honaker |

"Third—Lastly—hereby nominate and appoint Elliott Honaker without bond to be the executor of this my Last Will and Testament hereby revoking all former wills by me made."

It appears that the aforesaid will was duly probated and Elliott Honaker duly qualified and acted as executor. It appears that the widow accepted under the terms of the will.

The inventory of the estate of Benjamin F. Honaker, deceased, shows as follows:

"Inventory of all the Real and Personal Estate of Benj. F. Honaker, deceased, late of Nodaway County, Missouri, describing the quantity, situation and title of the Real Estate, the books and papers, the debts due to the deceased, the names of the debtors, the dates of the contracts, the amount of interest due and the rate of interest thereon, and all Personal Property, of whatever character, made by Elliott Honaker Executor of said deceased, and Wm. P. Lamb and Melvin Lamb Witnesses, appointed to aid in making the same.

"Dated at Nodaway Co., Mo., this 12th day of June, 1905.

| Acres of land | Sec. | Twp. | Range |
|---|---|---|---|
| 40 NW of SE | 25 | 66 | 38 |
| 40 SW " NE | " | " | " |
| 40 SW " NW | " | " | " |

| | |
|---|---:|
| One Note given by E. Honaker Dated Dec. 3, 1901 for without Interest Due Dec. 3rd, 1907. | $200.00 |
| One Note by Fred Honaker Date Feb. 24th, 1905 for | $500.00 |
| Interest 6% Received on the Same March 8th, 1905 | 65.00 |
| Note given by Fred Honaker Date Nov. 14th, 1902 for Interest at 6% Interest Paid till March the 1st, 1905. | 380.00 |
| One Note by James Honaker Date July 26th, 1902, for Due in one year Int. 6% No credits. | 38.30 |
| One Note by A. J. Horn and Elizabeth Horn Date Feb. the 3rd, 1905, Due one year after Date for | 150.00 |
| One Note by N. F. Hopper Date Nov. 21st, 1903, for Due Nov. 21st, 1904, Int. for 1904 was paid $28.00 Int. 7%. | 400.00 |
| One Note by N. F. Hopper Date Nov. 12th, 1904 for Due Nov. 12th, 1905, Int. 7%. | 200.00 |
| One Note by J. B. Wren, K. Spangler, R. C. Colvin, Date January 28th, 1905 for Int. 8 per cent Due Jan. 28, 1906. | 200.00 |
| One Note by Frank Schaffer Cora Schaffer for Date Dec. 17th, 1904, Int. 7 per cent Due Dec. 17th, 1905. | 200.00 |
| One Note by G. Peery, Date Feb. 3rd, 1905 for Due one year after Date, Int. 8%. | 50.00 |
| Five head of horses | 185.00 |
| Fifteen head of cattle | 304.50 |
| Ten hogs and six pigs | 125.00 |
| Farm tools | |
| One combined Lister and drill | 3.00 |
| " Stirring plow | 6.00 |
| " Cultivator | 15.00 |
| " Single buggy | 20.00 |
| " Set Single harness | 5.00 |
| " " Double " | 5.00 |
| Total | $2986.80" |

The above is shown certified and attested in due form and duly filed.

The record discloses what purports to be a report of the sale of personal property consisting of cattle, hogs and horses, totaling $604.35. There further appears a list of demands and also what purports to be a first annual settlement.

As to said settlement, the following appears:

"Now, at this day comes Elliott Honaker Executor of the Estate of Benjamin F. Honaker deceased and presents his accounts and vouchers for his First annual settlement of said Estate, as follows, viz.:

Total charges     ·         $3005.65

Total credits          577.11

Balance due estate      2428.54

"Examined, Approved and Filed this 15 day of Aug., 1906.

          "John W. Thompson

          "Judge of Probate"

What purports to be the second annual settlement shows as follows:

"To Balance as shown to be due said estate on last annual
settlement approved Aug. 15th, 1907      $2428.54

"He asks credit as follows:

By Cash paid John S. Wood publish notice final settlement    3.00

By expense of this executor attending court     '     2.00

By part commission allowed by law on disbursements of
this executor. He not claiming full amount entitled to
by law    '        ·     10.00

By probate fee paid Judge Conn this settlement     3.75

By Atty fee paid J. H. Sayler for advice and this settle-
ment             .     5.00

This executor states to the Court that all debts owing by
said estate have been fully paid and that by the terms of
the will of said deceased, the widow of deceased, L. J.
Honaker is entitled to all the remaining property for and
during the term of her natural life. In compliance there-
with he has turned over to her the balance of estate herein
shown and files her receipt therefor. He, therefore, asks
order dispensing with all further settlements and pro-
ceedings for and during the term of her natural life.

        Total Debits,     2428.54

        Total Credits           23.75

        Balance      2404.79

"Turned over to L. J. Honaker."

The following receipt appears:

"Received from Elliott Honaker Executor of the estate of Benjamin
F. Honaker deceased all personal property and all proceeds of any
property sold, and all interest collected on notes due said estate, as
provided by will of said deceased.

"$.....................           L. J. Honaker

" (Filed Aug. 15, 1907, Wm. H. Conn, Judge of Probate Court.) "

It will be noted that the only showing of any sale or disposition
of any of the property inventoried is as to cattle, hogs and horses.
From a reading of the record before us, there is but one conclusion
to be drawn, and that is that the exact personal property, as in-
ventoried, with the exception of the cattle, hogs and horses sold, was
turned directly over to the widow of deceased who took charge of the
same under her life tenure ownership under the will, and that by the
same authority said widow took possession of the real estate and that

she thereafter retained possession and reaped the fruits or the income thereon up to the time of her death which is shown to have occurred May 16, 1934.

The further conclusion must be drawn from the record showing herein to-wit: Administration on the estate of Benjamin F. Honaker, deceased, was suspended until the happening of the death of his said widow. It is shown that Elliott Honaker, the designated executor of the will, departed this life prior to the death of aforesaid widow of the testator. There is no showing of appointment of any successor of Elliott, deceased.

Under the showings of the record set forth, *supra,* the status of the widow, Louisa J. Honaker must be concluded to be that of life tenant in both the personal and real property of her deceased husband which gave to her the right of possession and enjoyment of all rents and profits or emoluments flowing from same during the term of her natural life, going to her direct and in nowise accruing to the enlargement of her husband's estate. On the other hand, by no legal right could the said widow sell, bater or dissipate any of the *corpus* of the personal estate, nor the real estate so as to diminish the estate that she held and enjoyed by reason of the life tenure given to her and accepted by her under the provisions of the will of her husband.

Not only the status of the widow is established and concluded by the facts enumerated aforesaid, but the status of each of the designated legatees is established and concluded.

Each of the eight named legatees at the death of the testator Benjamin F. Honaker became vested with a one-eighth interest in the full *corpus* of the personal estate after payment of debts of testator and a one-eighth interest in fee in the real estate subject to the life estate of the widow in the *corpus* of personal estate and real estate, each one-eighth interest however subject to any debt owing by any one of the legatees to the testator at the time of the testator's death. It follows that any equitable partition among the legatees or any one holding by purchase (inheritance included) under said legatees must be made not only in reference to the real estate but as well in reference to the *corpus* of the personal estate.

As to the present status of the *corpus* of the personal estate, the record filed herein does not make a satisfactory showing unless it be concluded that the estate of the widow of testator be charged directly with the full amount $2404.79, and designated turned over to her. However, the receipt of the widow to the executor designates no sum, but designates "all personal property and all proceeds of any property sold, *and all interest* on notes due *said estate.*" There is evidence from which conclusion can be drawn that all assets on hand at death of testator with the exception of the $604.35 sale of the listed live stock was turned over to the widow, together with the balance of cash, after paying claims, out of the proceeds of said sale. The executor's

report makes no mention of collection of interest and it may be that in addition to the corpus of the personal estate he did collect interest and paid the same to the widow as hers absolutely. Confusion as to the *corpus* of the personal estate arises by reason of steps taken and procedure had in the Probate Court of Nodaway County, Missouri, at the move and instance of certain heirs of the widow of testator, two of the same being listed as appellants herein.

The following is shown of record:

"Hon Milton J. Hull,

"Judge of Probate Court,

"Maryville, Mo.

"We the undersigned hereby certify that we are heirs at law of the late Louisa J. Honaker, deceased, and we hereby request that James Honaker and Elizabeth Horn be appointed Administrator and Administratrix of the estate of said Louisa J. Honaker.

"H. F. Honaker

"Mrs. C. S. Daugherty

"Elizabeth Horn

"Mary Sheets

"(Filed June 4, 1934, Milton J. Hull, Judge Probate Court)"

There follows a list of the heirs of Louisa J. Honaker, widow of testator herein, and a petition by James Honaker and Elizabeth Horn to be appointed administrator and administratrix of her estate. It appears that said prayer was granted and the following entries are shown:

"INVENTORY AND APPRAISEMENT OF THE REAL ESTATE"

"The following is an inventory and appraisement of the real estate of said Louisa J. Honaker deceased.

| Description of Real Estate | Appraised Value |
|---|---|
| Lots 11 and 12 in Block 6, Scott's Addition to Elmo, Mo | $1100.00 |
| Money, Notes, Bonds and Accounts Having a Fixed Value Value None. | |

"INVENTORY AND APPRAISEMENT OF PERSONAL PROPERTY

"The following is a list and appraisement of all personal property of the said Louisa J. Honaker, deceased, *except evidences of debt having a fixed value*: (Italics ours.)

| Description of Personal Property | Appraised Value |
|---|---|
| Household goods, | $40.00 |

"CERTIFICATE OF WITNESSES AND APPRAISERS

"We, the undersigned, duly appointed witnesses and appraisers of the estate of Louisa J. Honaker, deceased, hereby certify that we

have viewed and appraised the real and personal estate to us produced, and declare the foregoing to be a full and complete inventory and appraisement of said estate.

"Witness our hands, this 12th day of June, 1934.

"Harve Kinman

"Henry Neff

"Grant Elrod

Witnesses and Appraisers."

The following entry is shown:

## "REPORT OF PRIVATE SALE

"Report of Sale of the Personal Property of the Estate of L. J. Honaker, deceased, made by Jas. Honaker Elizabeth Horn, Administrator of said estate on the 7th day of June, 1935, at private sale, as per order of court.

| | |
|---|---:|
| To Jim Honaker chairs, knives, feathers, curtiss mattress, clock, pillows, dishes, rocker, oil cloth, Total | $ 5.20 |
| H. F. Honaker Book case, Rocker, table, Dishes | 5.00 |
| Elizabeth Horn cot, stove, pan, stand, Dishes, Jars, plates, Blanket | 3.20 |
| Clara Daugherty, Chairs, spoons, Dressor, curtins, quilt, parr Rug | 3.30 |
| Mary Sheets, chair, spoons, knives, Bucket, Cabinet, pans, Rocker | 4.50 |
| Fletcher Sheets, Bed | 2.00 |
| | $23.20" |

There is further shown a list of demands allowed which shows names and amounts as follows:

| | |
|---|---:|
| "Farmers & Merc. Bk. | $ 90.91 |
| Eli Jones | 370.00 |
| Georgia A. Bowman | 690.73 |
| Grant Elrod | 143.05 |
| | 36.76 |
| Flora Honaker | 34.10 |
| Price F. Co. 208.00 | |
| Dr. J. L. Dulanty 25.00 | |
| Dr. R. E. Ferguson 49.50 | |
| G. A. Reutlet, M. D. | 8.00" |

As to what further proceedings have been had in the aforesaid estate, the record is silent. There is evidence in the records filed herein which throws light upon the following language in the inventory and appraisement of the personal property of Louisa J. Honaker, deceased, to-wit, "Except evidences of debt having a fixed value." It is evident from the showing in the record that the "evidence of debt having a fixed value" referred to is in part at least

assets comprising the *corpus* of the personal estate held by Louisa J. Honaker by life tenure under the will of Benjamin F. Honaker, deceased.

We come to this conclusion from the fact that there is direct evidence from which no other inference can be drawn than that an $815 note, produced at the hearing and admitted to have been given by Frederick J. Honaker, legatee under the will of Benjamin F. Honaker, to Louisa J. Honaker in the year 1924, is in fact but a renewal of the obligations of indebtedness listed as owing by him to his father's estate by the inventory filed in the probate court. The aforesaid note is clearly shown to belong to and is a part of the *corpus* of the personal property of the life estate turned over to the widow at the time the administration of the estate of Benjamin F. Honaker when administration was suspended until the happening of her death.

There is evidence from which we conclude it can be inferred that the debit of $38.30, inventoried as owing by James Honaker, is still in existence and a part of the *corpus* of said life estate.

There is further evidence from which is indicated that several other items of indebtedness, given by interested parties to Louisa J. Honaker, not listed in the inventory of her estate, are in existence, and there is showing made which indicate that these unlisted items are also a part of the *corpus* of the personal estate turned over to her.

We mention these showings of record to show that there is actually in existence tangible existing assets that belong to the personal estate of Benjamin F. Honaker, deceased, that were turned to his widow for life and not yet administered upon.

For the purpose of coordination and to the end of a clear understanding of conclusions reached, we here reiterate: No equitable accounting and partition of that portion of the estate of Benjamin F. Honaker, deceased, which applies to that portion of his estate that consists of real estate alone can be rightfully had as between the legatees or their successors in title until there is a judicial finding of the diminution of interest in the whole estate, if any, of legatees owing debts to the testator at the time of his death.

Further, in determining such fact, if so, there should be an adjudication of the amount owing, if any, wherein the amount of the personal debt, if any, is determined by subtracting from the face of the note or other evidence of debt, such amount, if any, of the personal estate as such legatee is entitled to under distribution.

The case at bar is but illustrative of entanglements that arise in long drawn out adjustments of estates brought about by thirty years of suspended administration and consequent delay in adjudication, and wherein misconception of law by laymen gives rise to almost unsolvable problems. The above is *dehors* the record. However, we feel entitled to insert same as justification for a somewhat long statement of facts and

circumstances that we deem necessary to a solution of the issues presented.

## OPINION.

This case was taken by change of venue to Harrison County, Missouri, and was tried before the Honorable V. C. ROSE, Judge of the Circuit Court of said county at the regular May Term, 1939, of said court. The judgment and decree of said court is set forth at length in the record; however, for the purposes of this review we need but state that said judgment and decree correctly and satisfactorily finds, insofar as the judgment declared as to each of the legatees or those claiming interest therein, each interest to be a theoretical one-eighth interest. However, the petition of the proponent had charged certain legatees as indebted to the estate at the time of the death of the testator and asked that as to such legatees that the said indebtedness be charged to the said one-eighth interest to the diminution of such one-eighth share and to the augmentation of the one-eighth shares of the legatees who were not so indebted.

The deductions and dimunition asked as to certain legatees were rejected. However, the judgment of the court as to the one-eighth interest of legatee James Honaker, deceased, and owned by defendants Ferguson, Price and Elrod was subject to an indebtedness of $38.30.

The judgment of the court was further that legatee Frederick J. Honaker at the time of testator's death was indebted to the estate in the sum of $945, and that the interest of his successor in title, Ida Jones, was subject to same, and that the sums owing by said James and Frederick J. Honaker should be brought in, considered and distributed, augmenting the amounts to which the other shareholders would be entitled to on distribution. The court further found that the land could not be partioned in kind without great prejudice and ordered it sold for the purpose of making partition in accordance with the judgment and decree.

The assignments of error herein shows that the pertinent question to be determined in this review is as to whether or not the showing of the record herein justifies the action of the court in the matter of dimunition of the one-eighth interests of James and Frederick Honaker and the augmentation as to the other legatees.

It is evident from the showing that the trial court had in mind the well established rules of diminution and augmentation as laid down in Lietman's Executor v. Lietman, 149 Mo. 112; Hopkins v. Thompson, 73 Mo. App. 401; Ayres v. King, 168 Mo. 244; Traders' Bank v. Dennis' Estate, 221 S. W. 796; Duffy v. Duffy, 155 Mo. 144; Ridings v. Hamilton Savings Bank, 219 S. W. 585; Wright v. Green, 239 Mo. 449; Thompson v. McCune, 63 S. W. (2d) 41; and State v. Hughes, 123 S. W. (2d) 105.

From an examination of the record, however, we conclude that the trial court has erred in its conclusions drawn from facts shown and has failed to base his judgment as to dimunition and augmentation upon debts of James and Frederick Honaker on an equitable basis.

If it be admitted that the evidence establishes that James owes the estate $38.30 and Frederick Honaker owes $945, a total of $983.30, then the court by augmentating the distribution amount to and in excess of $983, which is a part of the *corpus* of the personal estate that is not yet fully administered, has included in the total amount $983.30 in which both the heirs of James and Frederick, in person, have each a one-eighth interest and under the decree of the court Frederick's one-eighth interest is distributed and augments the interests of the other legatees, and Frederick is thus deprived of his right under the will which gives to him a one-eighth interest in the whole *corpus* of the unadministered funds of the testator's estate that is not shown as assigned by him to any person.

Further than the above, we conclude that there has not been any adjudication of the amount of indebtedness of Frederick to the estate of Benjamin F. Honaker. The inventory only shows as to the $500 note and the $380 note with interest paid in March of the year in which the testator died in June. As no interest accrued, that augmented the estate, after the death of the testator, even the inventory, which is not competent evidence to show the amount due, does not indicate a debt of $945.30.

During the examination of Frederick Honaker as a witness a $815 note from him to the widow of the testator, who was the custodian of and enjoying the emoluments of the *corpus* of the personal estate of Benjamin F. Honaker, deceased, was produced. We conclude that there is substantial evidence to support a finding that this $815 note was a part of the *corpus* of the personal estate of Benjamin F. Honaker, and that the same is chargeable as debt of Frederick Honaker to the estate at the time when said note was given. However, no such adjudication has ever been attempted, and whether a court of equity, under the issues made up in this case and under the condition of the unfinished administration of the Benjamin F. Honaker estate, has jurisdiction to adjudicate is a question that we are not called upon to pass upon.

We conclude that the trial court is in error in its adjustment of equities in respect to the matters above set forth. It is, of course, within the province of an appellate court in equity cases to make its own finding of fact and enter its decree in accordance with law and fact. However, we conclude that there are many reasons why we should not follow such a course in the case at bar.

In the first place, there is not sufficient data shown upon which to make an equitable accounting among the legatees. Further, information should be sought of those *"evidences of debt having a fixed value"* not listed in the estate of Louisa J. Honaker, deceased.

The estate of Louisa J. Honaker is chargeable with the *corpus* of the life estate turned over to her. The showing as to administration of the estate of Louisa J. Honaker is unsatisfactory, and as to such the words of a great dramatist concerning the "smell of something in Denmark" is brought to mind.

The trial court should have further information concerning the present condition of the funds of this *corpus*. There is evidence shown from which we conclude that there are existent current assets belonging to said *corpus*.

If it be found that, in part at least, said *corpus* has been dissipated and that same cannot be recovered from the estate of Louisa J. Honaker, deceased, then said loss, if any, must be equitably shared by all of the legatees.

For reason expressed, *supra,* this cause should be returned to the trial court for rehearing.

We deem it our duty, by way of guidance, to make further comment. In the course of the hearing, the question of limitations as to debts owing by legatees was raised. As to such question, the status of the parties was fixed when the testator died. Limitations that never start never run. The question of want of notice to the purchaser of interest of legatee was presented in the hearing below. As to such question, he who purchases from another accrues only to the title that the seller had notice or no notice. The issue of partition in kind is raised. Difficulty arises as to partition in kind in that an equitable accounting involves both the personal and real assets.

A retrial must clear as to such situation.

Any suggestions made by us touching the advisability of completing the administration of the estate of Benjamin F. Honaker, deceased, and a further inquiry concerning and a completion as to administration of Louisa J. Honaker's estate, if not closed, is of course, but advisory. We express it as our opinion that if the matters of these estates could be finally closed and pleadings herein amended in accordance, that a much more satisfactory situation for an equitable accounting will result.

Further, confusion conductive to error is shown in the trial by the interposing of objections more indicative of search for than of knowledge of the law. Such should not occur on rehearing. *Dehors* the record, and not directed to the record before us alone, we dare to conclude with a truism to-wit: Many a practitioner of the law has concealed his ignorance of the law by refraining from interposing too many objections and *vice versa.* Judgment reversed and cause remanded. All concur.

## ON MOTION FOR REHEARING.

SHAIN, P. J.,—A motion for rehearing has been filed by respondents

herein. The motion undertakes to review the evidence that was duly considered by us in our opinion.

The respondent cites authority to the effect that the pending of administration does not bar right to partition real estate. There is nothing in our opinion herein from which it can be concluded that this court holds that such right is barred by fact of pending administration.

In the case at bar the petition, while seeking to partition real estate, further specifically asks for an equitable accounting among the heirs of Benjamin F. Honaker, who died testate and bequeathed an estate for life in both real and personal property of which he died seized to his wife and bequeathed, in fee simple, said estate to his eight children subject to aforesaid life estate. In our opinion we but expressed the opinion that to apply the doctrine of equitable retainer confusion would be avoided by winding up the suspended administration of the estate of Benjamin F. Honaker. Respondent further cites authority to the effect that inventories are admissible in evidence. No contrary declarations can be found in our opinion. We but commented upon same constituting proof of debt inventoried.

The remanding of the cause for rehearing in the circuit court is based upon the fact that data entering into an equitable accounting is not shown by the record, thus not giving to this court proper data for us to make an equitable accounting.

A further reason is also expressed based upon the fact that there is no data as to what became of the $2400 inventoried personal estate turned over to the widow, now deceased, for the term of her life.

Further difficulty exists in the fact that while there is some evidence that one of the heirs had paid his note to the estate to the widow, still there are numerous notes and personal assets going into the widow's hands that are not accounted for.

Further, the evidence as to the $380 and $500 notes, inventoried as owing by Frederick Honaker, is very confusing, and we found no substantial evidence supporting the amount as found. Neither the inventory nor the evidence of Frederick Honaker furnish satisfactory proof as to the indebtedness being $945.

The judgment of the circuit court is based upon a personal estate of Benjamin F. Honaker, of $945 indebtedness of Frederick, and $38.30 of James. There is no explanation as what became of the balance of the personal assets other than that all were turned over to the widow for the term of her life.

If the personal estate, without fraud of litigants, has been squandered, that burden should be born by all in an equitable accounting.

If the unadministered personal estate upon inquiry be dwindled to the debt of Frederick and James, then in an equitable accounting the interests of Frederick and James are each augmented to one-

sixth thereof, and the interest of Frederick in the real estate, now owned by another, must only be chargeable with the balance owing by Frederick after same is augmented by his share in any of the personal estate that was held by the widow for life, if by proper inquiry and proper effort the same can be located and restored to the Benjamin F. Honaker estate.

This opinion on rehearing has for its purpose to more clearly explain as to the impossibility of equitable accounting without data concerning items that enter into same. All of the matters pointed out in the original opinion and in this opinion on rehearing are proper matters entering into an equitable accounting among the heirs and should come into the case without a multitude of objections and arguments thereon which characterized the other hearing. Such a course will be to the avoidance of the law's delay and the expense of printing voluminous records. Motion for rehearing denied. All concur.