Alvis Michael BOILLOT, Guardian of the Person and Conservator of the Estate of Emma P. King, Plaintiff/Respondent,

v.

Freda Pauline CONYER, Defendant/Appellant.

No. 62433.

Missouri Court of Appeals, Eastern District, Division Four.

Aug. 17, 1993.

Stephen C. Wilson, Jackson, John A. Layton, Cape Girardeau, for defendant/appellant.

Clinton B. Roberts, Farmington, for plaintiff/respondent.

CRAHAN, Judge.

Defendant Freda Pauline Conyer ("Daughter") appeals from the trial court's order denying her motion to enforce a consent judgment previously affirmed by this court and denying her motion to strike Plaintiff Alvis Michael Boillot's ("Guardian's") motion to set aside the judgment. We reverse the order of the trial court and remand for entry of judgment in accordance with this opinion.

This is a continuation of a case previously before this court on appeal.[1] The original proceeding involved a settlement that Emma King ("Mother") entered into with Daughter terminating a suit concerning real estate they owned as joint tenants. As part of the consent judgment entered by the court on March 12, 1991, Mother agreed to execute a deed conveying her interest in the property to Daughter, while reserving a life estate for herself. Thereafter, on April 4, 1991, Mother challenged the consent decree claiming she did not consent to the settlement or have the mental capacity to do so. The trial court denied Mother's motion to set aside the judgment and Mother filed a notice of appeal to this court.

While this appeal was pending, the probate division of the circuit court of Madison County appointed Boillot guardian of the person and conservator of the estate of Mother. Boillot, as guardian, was substituted as the plaintiff on appeal. On March 10, 1992, after considering Guardian's claims, this court affirmed the trial court's denial of the motion to set aside the judgment and ordered that the consent judgment stand in full force and effect.

On April 21, 1992, Daughter filed a motion to enforce the consent judgment and for sanctions. In the motion, Daughter alleged that she had prepared and forwarded to Mother an appropriate deed for conveyance and that Mother refused to execute it as required by the judgment. Daughter requested that the court enforce the judgment pursuant to Rule 74.07.

Thereafter, on May 13, 1992, Guardian again filed a motion to set aside the judgment pursuant to Rule 74.06. As amended, this motion alleged that the consent judgment was "void" and that it was "no longer equitable that it remain in force" because Mother was incompetent at the time the judgment was rendered and did not understand the nature of the judgment by reason of physical and mental limitations. In response, Daughter filed a motion to strike this pleading asserting that the issues raised in this motion had already been decided on appeal.

Hearings were held on Daughter's pending motions on May 21, 1992, and July 16, 1992. Thereafter, the court entered an order denying Daughter's motion to enforce the judgment and for sanctions, as well as her motion

---

1. *Boillet v. Conyer,* 826 S.W.2d 95 (Mo.App.1992) (hereinafter *"Boillot I "*). For some reason, Mr. Boillot's name is misspelled in the caption of *Boillot I* as it appears in the official reports, although it is spelled correctly in the body of the

to strike Guardian's pleading.[2] Pursuant to Rule 74.01(b), the court further declared that its order was final and that there was no just reason for delay.

Before addressing the merits of this appeal, we are obliged to consider *sua sponte* whether the trial court's certification of the judgment pursuant to Rule 74.01(b) is sufficient to vest this court with jurisdiction over the issues Daughter seeks to raise on appeal. In her brief, Daughter seeks review of both the trial court's dismissal of her motion to enforce the judgment and its dismissal of her motion to strike Guardian's motion to set aside the judgment. Despite the trial court's certification, the latter order is not a judgment because it does not adjudicate Guardian's claim for relief. Rather, construing Daughter's motion to strike as a motion to dismiss for lack of jurisdiction, the trial court overruled the motion and thus apparently determined that it had jurisdiction to adjudicate Guardian's claim.

Rule 74.01(a) defines a "judgment" as "a decree and any order from which an appeal lies." A determination that a court has jurisdiction is not an appealable order and instead is properly reviewable by an extraordinary writ. *See State ex rel. Hamilton v. Dalton*, 652 S.W.2d 237, 239 (Mo.App.1983). Thus, to the extent that Daughter is seeking to appeal from the trial court's denial of her motion to strike, we hold that such order is not a final judgment and dismiss the appeal.

In contrast, the trial court's denial of Daughter's motion to enforce the judgment does appear to be an adjudication of Daughter's claim. Inasmuch as the trial court certified the order disposing of this claim in accordance with Rule 74.01(b), it apparently intended to permit an appeal from that portion of its order.

This is where the matter gets complicated. Based solely on the pleadings, it would appear that we cannot afford Daughter the relief she is seeking in the absence of an adjudication of Guardian's claim, which we have just determined not to have been adjudicated by the trial court's order. Daughter seeks an order requiring the trial court to enforce an order that Guardian claims is "void" and "no longer equitable that it remain in force." If Guardian is correct and he is entitled to the relief he is seeking, a determination that the judgment denying Daughter's motion should be reversed and remanded to the trial court with directions to enforce the judgment would effectively moot Guardian's claim by satisfaction of the judgment. Thus, the claims of Guardian and Daughter are irretrievably intertwined. Ordinarily, such circumstances would compel the conclusion that Daughter's claim cannot properly be certified separately as a final appealable judgment. However, under the unique circumstances of this case, we have concluded that appellate review of the judgment with respect to Daughter's claim is appropriate.

This is where the matter gets even more complicated. Based on the opinion in *Boillet I*, we find that we have already adjudicated Guardian's claim. In that opinion, we expressly found that the original motion to set aside the judgment presented to the trial court and at issue in the appeal claimed that Mother "did not consent to the settlement or have the mental capacity to do so." *Boillet I*, 826 S.W.2d at 96–97. Although worded somewhat differently, this is precisely the issue Guardian now attempts to raise by alleging that Mother was "incompetent at the time the judgment was rendered," and "did not understand the nature of the judgment by reason of physical and mental limitations."

A decision by our court is the law of the case on all points raised and decided and our decision continues to govern throughout all subsequent proceedings both in the trial and the appellate courts. *Southwestern Bell Telephone Co. v. Buie*, 758 S.W.2d 157, 161 (Mo.App.1988). No issue decided in the first appeal will be readdressed on the second. *Id.* Because the issue of Mother's competency to enter into the settlement was expressly at issue and determined adversely to Guardian in *Boillet*

opinion. We find it less confusing to refer to the opinion using the correct spelling.

2. The court stated that it was considering this to be a motion to dismiss for lack of jurisdiction.

*I*, we conclude that such determination is now part of the judgment and mandate of this court that Daughter is seeking to enforce. Thus, under the circumstances, Guardian's claim that the judgment is void or is no longer equitable due to Mother's incompetence cannot lead to a conflict with any relief Daughter is seeking because the trial court has no jurisdiction to entertain such claim in conflict with our opinion and mandate. Our prior determination of the matter adverse to Guardian is part of the law of the case and cannot now be revisited by the trial court.

This may sound like a distinction without a difference, but the distinction is significant in this instance. The source of our appellate jurisdiction does not stem from the trial court's improper certification of the issue of its jurisdiction over Guardian's claims. Rather, it stems from the fact that such claims were *already decided* by this court in *Boillet I* and therefore cannot serve to prevent appellate review of Daughter's claim of error in refusing to enforce the judgment, which was also certified. Therefore, we conclude that we may properly exercise jurisdiction over Daughter's claim of error.

 Upon review, the decree or judgment of the trial court will be sustained unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). No deference is due to a trial court's judgment where resolution of the controversy is a question of law. *MFA Mutual Insurance Co. v. Home Mutual Insurance Co.*, 629 S.W.2d 447 (Mo.App.1981).

Daughter's claim is that, upon issuance of our mandate in *Boillet I*, she was entitled to an order enforcing the judgment pursuant to Rule 74.07, which provides, in relevant part:

If a judgment directs a party to execute or deliver a deed or other document or to perform any other specific act and the party fails to comply within the time specified, the court may direct the act to be done at the cost of the disobedient party by some other person appointed by the court, and the act when so done has like effect as if done by the party.... If real or personal property is within the state, the court may enter a judgment divesting the title of any party and vesting it in others in lieu of directing a conveyance thereof, and such judgment has the effect of a conveyance executed in due form of law.

This rule replaces former Rules 74.20, 74.21 and 74.22. Although no case has yet construed the meaning of this rule, we find that its terms are clear and unequivocal. The rule expressly gives the trial court authority either to direct Guardian to execute the deed in accordance with the consent judgment on behalf of Mother, the disobedient party, or to enter judgment itself divesting title from Mother and vesting it in Daughter, the person entitled to the property under the original judgment.

Support for the court's authority under this rule is found in the established notion that "courts have inherent power to enforce their own judgments and should see to it that such judgments are enforced when they are called upon to do so." *Lake Thunderbird Property Owners Association, Inc. v. Lake Thunderbird, Inc.*, 680 S.W.2d 761, 763 (Mo. App.1984). Rule 74.07 simply reinforces this notion and provides the appropriate steps for courts to take in enforcing their judgments.

 Support is also derived from Section 511.280 RSMo 1986, which provides:

In all cases where judgment is given for the conveyance of real estate or the delivery of personal property, the court may, by such judgment, pass the title of such property, without any act to be done. on the part of the defendant.

In *Bryant v. Kyner*, 204 S.W.2d 284 (Mo. 1947), the court construed the language of this statute,[3] and held that it did not preclude a court from ordering specific performance of its decree requiring the conveyance of a

---

**3.** The *Bryant* court was construing the provision of § 1255 R.S.1939, Mo.R.S.A., which is identi-cal to RSMo § 511.280 as it now exists.

156

deed. Thus, under the plain language of both Rule 74.07 and Section 511.280, we hold that the trial court clearly had authority to enforce the terms of the consent judgment it had previously entered, either by directing specific performance or by entry of a judgment in lieu of a conveyance.

Guardian maintains, however, that despite the provisions of Rule 74.07 the trial court was deprived of its authority to enforce the judgment because Daughter failed to file this judgment as a claim against the probate estate of Mother within the six month period set forth in Section 475.210 RSMo 1986. This statute provides:

> All claims against the estate of a protectee for whose estate a conservator was appointed upon the basis of a determination of disability other than minority, based on liabilities arising prior to the conservatorship, except contingent claims and claims of any tax authority within the United States, not filed in the probate division of the circuit court within six months from the date of the first insertion of the publication of notice of the appointment of the first conservator, shall be forever barred.

It is undisputed that Daughter did not file a copy of the consent judgment with the probate court within the six month period following notice of Guardian's appointment. However, Daughter maintains that the filing requirements of § 475.210 are inapplicable to the consent judgment at issue because it is not a "claim" within the meaning of that statute. We agree. Section 475.010 RSMo 1986 defines "claims" as:

> (2) ... liabilities of the protectee arising in contract, in tort or otherwise, before or after the appointment of a conservator, and liabilities of the estate which arise at or after the adjudication of disability or after the appointment of a conservator of the estate, including expenses of the adjudication and of administration. *The term does not include demands or disputes regarding title of the protectee to specific assets alleged to be included in the estate.*

(emphasis added) This definition expressly excludes "demands" or "disputes" made against the title to specific assets alleged to be in the protectee's estate. Our research has not disclosed any cases construing the meaning of the word "demands" as used in this definition. However, construing the same term as it appears in Chapter 464 RSMo, the Missouri Supreme Court has interpreted the term broadly to include "every species of liability which the personal representative can be called upon to pay out of the assets of the estate." *Helliker v. Bram,* 277 S.W.2d 556 (Mo.1955). We see no reason why the term should not be similarly construed in connection with § 475.010. Under such construction, the consent judgment affirmed by this court is a "demand ... regarding title of the protectee to specific assets" within the meaning of § 475.010 and therefore is not a "claim" barred by § 475.210. We likewise reject Guardian's somewhat inconsistent contention that the consent judgment was not a "dispute" regarding the title to the property inasmuch as it was a final judgment. Guardian's appeal of that judgment, his refusal to execute a deed in accordance with the judgment and his motion to set aside the judgment are plainly "disputes" regarding the title to the property, thus providing a further basis for our determination that § 475.210 is inapplicable.

Finally, Guardian urges that Daughter was not entitled to relief under Rule 74.07 because she was required to pursue a conservator's deed in order to enforce the consent judgment in this case. Guardian argues that under Section 475.230 RSMo 1986, a conservator must have prior authority from the probate court for the sale of real estate. Guardian's reliance on this statute is misplaced. The consent judgment entered into by Mother and affirmed on appeal by this court is not a "sale" of the property. This assertion also ignores the express language of Rule 74.07 which gives the trial court the power to divest title itself pursuant to the judgment entered.

For the foregoing reasons, we hold that the judgment of the trial court denying Daughter's motion to enforce the consent judgment is erroneous as a matter of law. The judgment is therefore reversed and the cause is remanded to the trial court for entry of a judgment enforcing the prior consent judgment in accordance with Rule 74.07, and

for further proceedings consistent with this opinion.

CARL R. GAERTNER, P.J., and CRANE, J., concur.