Alvis Michael **BOILLOT**, Guardian of the Person and Conservator of the Estate of Emma E. King, Respondent,

v.

Freda Pauline **CONYER**, Appellant.

No. 65708.

Missouri Court of Appeals, Eastern District, Southern Division.

Nov. 22, 1994.

Stephen C. Wilson, Jackson, for appellant.

Clinton B. Roberts, Farmington, for respondent.

CARL R. GAERTNER, Presiding Judge.

The defendant, Freda Pauline Conyer (Daughter), appeals from the order of the trial court directing her to convey an unlimited life estate in certain real property to Emma E. King (Mother). This action has already twice been the subject of appeal. *See Boillot v. Conyer,* 826 S.W.2d 95 (Mo. App.1992) (*Boillot I*); and, *Boillot v. Conyer,* 861 S.W.2d 152 (Mo.App.1993) (*Boillot II*). We reverse and remand.

In the fall of 1980, Mother conveyed her interest in a residence located on a 30 acre tract of land to herself and her Daughter as joint tenants. Subsequently, she purported to convey the same property to Alvis Michael Boillot, her grandson. In November of 1989, Mother filed suit to cancel the prior deed to Daughter, and Daughter counterclaimed. Mother and Daughter settled this suit, and on March 12, 1991, the trial court entered a consent judgment. The pertinent parts of that judgment read:

A. That [Daughter] shall pay [Mother] the sum of Three Thousand Dollars ($3000.00).

B. [Mother] and [Daughter] will convey by General Warranty Deed all their interest in subject property to [Daughter], Reserving and Subject to [Mother's] Life Estate in said Property—specifically the House, Yard and Garage; with access to and use of Barn, Garden and Orchard for [Mother's] Non-exclusive Personal use.

C. [Daughter] to have all Income from Property and to pay all Taxes and Insurance.

D. All personal property on the Premises to become the sole and absolute property of [Daughter] upon the death of [Mother].

On March 27, 1991, Mother challenged the consent judgment, arguing she was not capable of giving her consent at the time the consent judgment was entered because of her confusion about the issues and proceedings. The trial court denied her motion to set aside the judgment, and Mother appealed. While this first appeal was pending, her grandson, Boillot (Guardian), was appointed guardian of the person and conservator of the estate of Mother. Guardian was properly substituted as the plaintiff on appeal. Ruling on the appeal, this court affirmed the trial court; Mother was capable of binding herself with a consent judgment. *Boillot I,* 826 S.W.2d at 97. Consequently, this action was remanded to the trial court.

Upon remand, Daughter filed a motion to enforce the consent judgment. Daughter had prepared and forwarded a deed for conveyance of the property which Guardian refused to execute. The proposed deed used the exact language of the consent judgment. Daughter requested the trial court enforce the consent judgment pursuant to Rule 74.07. Guardian filed a motion to set aside the judgment, alleging that Mother had been incompetent to enter into a consent judgment. A hearing was held, and the trial court entered an order denying Daughter's motion to enforce the judgment. Daughter appealed.

In *Boillot II,* this court reversed the trial court. We held that the issue of Mother's competence to enter into the consent judgment had already been decided in the first appeal. *Boillot II,* 861 S.W.2d at 154. Since the issue was previously ruled on appeal, it became the law of the case, and, therefore, the trial court did not have the jurisdiction to entertain Guardian's challenge to the consent judgment. *Id.* at 154–55. Ruling in favor of Guardian conflicted with the mandate of this court. *Id.* at 155. The matter was again remanded with a mandate ordering the trial

court to enforce the consent judgment pursuant to Rule 74.07.

When this matter was remanded to the trial court for the second time, Daughter sought a hearing on her motion for sanctions in the form of attorneys' fees against Mother for failing to comply with the consent judgment. At that hearing, Guardian orally questioned the meaning of the prior consent judgment. Guardian argued the judgment reserved an unlimited life estate for Mother. Daughter's position was that the life estate was subject to some limitations—specifically, Mother was only allowed non-exclusive personal use of the barn, garden and orchard. The trial court found that the prior consent judgment did not contain any limitations on Mother's life estate in the property. Accordingly, the trial court ordered the Daughter to draft a deed for Guardian to execute reserving an unlimited life estate for Mother. The trial court also denied Daughter's motion for sanctions.

Daughter again appeals. Daughter raises three points of error. The first two points are interrelated, and we address them together. Daughter argues the trial court erred by ordering an unlimited life estate for Mother because this order departed from the appellate court's mandate. Daughter contends that the trial court did not have the authority to depart from the appellate court's mandate. Furthermore, Daughter argues, the court erroneously interpreted the consent judgment; the consent judgment placed specific restrictions on Mother's life estate.

■ Where a remand is accompanied by directions, a trial court is bound to render judgment in conformity with the appellate court's mandate. *Hankins v. Hankins*, 864 S.W.2d 351, 353 (Mo.App.1993). The trial court is without power to modify, alter, amend or otherwise depart from the appellate judgment. *Hankins*, 864 S.W.2d at 353. Its proceedings contrary to the mandate are null and void. *Id.* Here, the mandate of this court directed the trial court to enforce the prior consent judgment in accordance with Rule 74.07. The trial court could have directed Guardian to execute a deed in compliance of the consent judgment, or the court, itself, could have entered judgment divesting

title from Mother and vesting it in Daughter. *Boillot II* at 155. The court chose neither option and, instead, directed Daughter to prepare a deed reserving an unlimited life estate for Mother.

■ One of the incidents of an unlimited life estate is the exclusive possession and control of the premises. *Beauchamp v. Beauchamp*, 381 S.W.2d 804, 806 (Mo.1964). Any right of the remainderman to possession and enjoyment of any part of the estate is deferred. *Id.* Moreover, the life tenant is entitled to the income and is obligated to pay the taxes on the property. *Burch v. Horn*, 236 Mo.App. 388, 156 S.W.2d 929, 932 (1941); *Walters v. Lawless*, 381 S.W.2d 843, 848 (Mo. 1964). It is obvious that the consent judgment departed from these normal attributes of an unlimited life estate. Thus, the trial court's order was not in conformity with the consent judgment or with the mandate of this court.

Guardian maintains that the trial court had to interpret the consent judgment in order to enforce it. Guardian argues that the court followed this court's mandate, but, in giving effect to our mandate, the court necessarily had to determine the nature of Mother's life estate. Daughter asserts the trial court's order reserving an unlimited life estate for Mother erroneously interpreted the consent judgment. We agree with Daughter. The consent judgment placed specific restrictions on Mother's life estate. By ignoring these restrictions, the trial court's order did not give full effect to the consent judgment and thus did not conform with our mandate.

■ It is important to remember that the judgment at issue here does not represent the decision of a judge after a hearing upon disputed issues. Rather, it is an agreement between the parties which resolves their differences. A consent decree is contractual in nature. *St. Louis Police Officers Association v. Board of Police Commissioners*, 846 S.W.2d 732, 739 (Mo.App.1992). Therefore, to the extent that the consent judgment requires interpretation, the general rule regarding construction which carries out the intention of the parties as gleaned from the agreement viewed in its entirety is

applicable. By decreeing that the consent judgment conveyed an unlimited life estate to Mother, the trial court ignored substantial provisions of the document.

 We examine the language of the judgment in the light of the situation before the court and the object of the proceeding before the court at the time the judgment was entered. *State v. Schrieber,* 760 S.W.2d 557, 559 (Mo.App.1988). The original action sought cancellation of a deed which vested title to the thirty acre tract in Mother and Daughter as joint tenants. In settlement of this action, the parties agreed to convey the fee to the "subject property" to Daughter, reserving a life estate in "said property" to Mother. This language, standing alone, would support the order of the trial court. However, it does not stand alone. Rather, the parties agreed and the consent judgment proceeded to impose certain modifications upon Mother's life estate. Mother gave up the life tenant's right to exclusive possession of all of the thirty acres except the house, yard and garage, retaining access to, but non-exclusive use of, the barn, garden and orchard. Mother also relinquished the life tenant's right to income from the property. In return, Daughter paid $3000.00 and promised to assume the obligation to pay taxes on the entire thirty acre tract.

This construction of the consent judgment gives full effect to all of its provisions. The trial court erred in holding the consent judgment conveyed an unlimited life estate to Mother.

Daughter also appeals the trial court's denial of her motion for sanctions in the form of attorneys' fees. Although in Daughter's appellate brief mention is made of a motion for sanctions and an affidavit regarding attorneys' fees, neither document has been filed in this court. In the absence of a complete record we will not find the trial court guilty of an abuse of discretion in denying any award for attorneys' fees.

The order of the trial court is reversed and the cause is remanded with directions to enforce the consent judgment previously entered.

CRANE and AHRENS, JJ., concur.